Ordered accordingly.

---

## THE SUPERVISORS OF ONONDAGA *vs.* BRIGGS.

Where the rate of compensation for attorneys and counsellors is changed by the legislature during the progress of a suit, the costs of such suit are to be taxed according to the statute in force at its termination.

Accordingly *held*, that where a suit commenced in March, 1840, was settled in 1845, by a stipulation giving the plaintiff the taxable costs, they ought to be taxed according to the fee bills in the acts of 1840 and 1844 which were then in force.

*J. J. Briggs,* the defendant, in person, moved for a re-taxation of costs. The suit was in assumpsit, and was commenced on the 20th day of March, 1840. It was compromised and settled

in November, 1845, on the terms of the defendant paying a certain sum as damages with full costs of suit. The plaintiffs' costs were taxed in March last, the several items being allowed according to the rates prescribed for attorney and counsel fees by the revised statutes in respect to all services performed prior to the 1st day of April, 1844, and after that day according to the act of 1844. (*Stat. p.* 402.) The cause had been several times tried, and one judgment of this court had been reversed by the court for the correction of errors.

*G. F. Comstock,* for the plaintiffs.

*By the Court,* Jewett, J. At common law neither party recovered costs against the other. The right to costs is created by statute and wholly depends upon it, and the right does not become fixed until the termination of the suit. The recovery of costs must be controlled, as to items and the rate of compensation, by the statutes in force at the time the right to costs accrues, or at the time of taxation. It is competent for the legislature, at any time during the progress of a suit, to create an allowance for services not before provided for, and to increase or diminish, or wholly abolish such allowances as existed at the time the suit was commenced.

At the time this suit was brought the fee bill contained in the revised statutes was in force, and it continued to be the rule so far as concerned this suit, until the 1st day of April, 1844. (2 *R. S.* 632, §§ 17, 18; *Stat.* 1840, *p.* 336, § 38; *Stat.* 1844, *p.* 92, § 8.) The suit having been commenced prior to the time when the act of 1840 took effect, the costs were by the 38th section expressly exempted from its provisions; but when that section came to be repealed by the act of 1844, all the provisions of the revised statutes regulating the compensation of counsellors and attorneys in this court became extinct. (*Stat.* 1840, § 40.) After such repeal there was no statute remaining in force allowing a party to recover compensation for the services of counsellors or attorneys, except the act of 1840 before referred to. But before this suit was terminated, the fees prescribed by that act were

changed in some 'respects, by an act passed on the 14th of May, 1844. (*Stat. p.* 402.) These two statutes prescribed the rate at which all the services of attorney and counsel rendered in the course of the suit in this court ought to have been taxed, and there was no other act in force when the suit was terminated or when the costs were taxed bearing upon the subject. (*See The People* v. *The Herkimer C. P.*, 4 *Wend.* 210.) So far as fees have accrued for services in the court of errors, the fee bill in the revised statutes continues in force. (*Stat.* 1840, *p.* 336, § 39) The bill must be re-taxed upon the principles above stated.

Ordered accordingly.