By the Court. Duer, J.
As there can be no vested right *619 in the costs during the pendency of a suit, both the right to recover them and the amount to be recovered must depend upon the legal provisions which-are in force when a judgment is obtained. It is for this reason that it has been frequently decided that a change of statutory provisions in relation to costs is just as applicable to existing as to future suits, and pari ratione the same construction must be given to a repeal.
Tire 303d section of the Code declares that “ all statutes establishing or regulating the costs or fees of attorneys in civil actions, are repealed,” and unless the operation of these words is restricted by other.provisions in the Code, or by subsequent legislation, the repeal must doubtless be construed to embrace existing suits so as to deprive each party of any right to costs therein, in any event, as against the other. It is hardly possible, however, to believe that such was the intent of the authors of the Code and of the Legislature, and we are satisfied that an exception in favor of suits then pending and undetermined, which it must have occurred to them was reasonable and just, is created by section eight in the introductory part of the Code. That section declares that thé second part of the act, which includes section 303, “ relates to civil actions commenced in the courts of this state after the 1st day of July, 1848, except when otherwise provided therein,” plainly meaning except such provisions as are declared in terms to relate to suits previously commenced.' This general declaration of the intent of the Legislature, controls and directs the interpretation of every section and sentence in the second part of the Code; and we see no reason for doubting that it is just as applicable to a simple repeal by which existing suits would otherwise be affected, as to new aiid positive enactments. Section 303 must therefore receive the same construction as if the words “ except in relation to suits commenced on or before the 1st day of July, 1848,” had immediately followed the words “ are repealed.”
It was insisted, however, by the learned counsel for the ' plaintiff, that although this suit may be .saved from the sweeping repeal in § 303, still the costs which are recoverable are not regulated by the statutory provisions which were in force on the 1st July, 1848, but that there is another section in the Code which is applicable to this case, and, by a reference to *620 which, the questions, which party is entitled to costs, and the amount of those costs, must alone he determined.
The section upon which the counsel relied, is § 459, by which the provisions of the Code are made applicable to future proceedings in suits previously commenced in the following cases:
1. Where there has been no pleading, to the pleadings, and all subsequent proceedings.
P 2. Where there is an issue of law or of fact, or any other question of fact to be tried, to the trial and all subsequent proceedings.
3. After a judgment or order, to the proceedings to enforce, vacate, modify, or reverse it, including the costs of an appeal.
It is to the second class of these cases that this suit belongs, and the argument of the counsel was that the entry of judgment and the adjustment or taxation of costs are proceedings in the cause which necessarily involve the questions of the right to costs, and their amount, and that, as these proceedings are governed by the Code, it is only by its provisions that the questions which they involve can be determined; and, upon this ground, he contended that the right of the plaintiff to recover the costs, which the Code gives, is exactly the same as if the suit had not been cómmenced at all until the Code was enacted.
It is evident that the argument of the counsel proceeded entirely upon the force which he attributed to the term “ proceeding,” and it would be unanswerable, could we assent to the interpretation that he wished us to adopt; but we cannot assent to it. The word “ proceeding,” both in its popnlar use and in its technical application, has a definite meaning, which we cannot alter or enlarge. It means, in all cases, the performance of an act, and is wholly distinct from any consideration of an abstract right. A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a prescribed mode of action for carrying into effect a legal right, and so far from involving any consideration or determination of the right, presupposes its existence: the proceeding follows the right. The rules by which proceedings are governed, are rules of procedure-; those by which rights are established and defined, rules *621 of law. It is the law which gives a right to costs and fixes their amount. It is procedure which declares when and by whom the costs, to which a party has a previous title, shall be adjusted or taxed, and when, and by whose direction, a judgment in his favor shall be entered.
The sense of the legislature that the word “proceeding” does not ex vi ternrnd include costs, is clearly shown by the addition in the third subdivision of the section, of the words “ including the costs of an appealthe addition was made because it was believed to be necessary—because without it the costs of an appeal would not have been covered. There would have been a similar addition in relation to the costs of the suit, in the second subdivision, had that subdivision been intended to include them; the omission proves that they were meant to be excluded; Exjyressio warns exdusio alterius.
We are, therefore, clearly of opinion, that the right of the defendants to costs is not at all affected by the provisions of the Code, but depends entirely upon the statutory provisions that were in force when the Code was adopted. When the jury rendered their verdict for th¿ plaintiff for $50 only, the counsel for the defendants might have moved for an entry of judgment in his favor, and had the application then been made, we doubt not that the necessary direction would have been given, but no such direction was then given, or has since been obtained; there is no order of the court, or of a judge, upon which the judgment as entered was founded. It is true that the clerk, when the verdict was rendered, in the exercise of the power given to him by § 249 of the Code, as amended in April, 1852, might have entered judgment in favor of the defendant for his costs, but it does not appear that any such entry was then, or has since been made. Hence the proceedings of the defendant’s attorney in perfecting a judgment in the manner he has done, were plainly unauthorized and irregular. They are so in our judgment, even if tested by the rules of practice that formerly prevailed (3 Wend. 308; 12 Id. 216); they are a fortwri under the Code, by the provisions of which it appears to be certain that they ought to have been regulated. . .
The motion to set aside the judgment as irregular is there *622 fore granted, with $10 costs, but we cannot direct an adjustment of the costs in favor of the plaintiff. For the reasons that have been given, he has no title to the costs which he claims, and whether he has lost them by the deficiency of the proof, or a mistake of the jury, we have no power to relieve him.
Upon a subsequent application, ¡ made by the defendant at chambers, the clerk was directed to enter judgment in favor of the defendant for his costs, and the plaintiff’s verdict for $50, and $20 costs, which the' defendant, upon former motions, had been ordered to pay, were directed to be offset.
The decision was made by Boswobth, J., and approved by the other judges.