BoswoRTH, J.
This was a common law action, was at issue before the Code was enacted, and was tried after section 459 was incorporated into the Code, by the amendments made by the act of July 10, 1851. (Laws of 1851, p. 876.)
Are the costs for services rendered before this amendment took effect, to be taxed under the fee bill of 1840, and those for services subsequently rendered, under the Code ? or are they to be wholly taxed under the one law or the other, and if so, under which of them? I speak now only of the costs down to, and including the verdict.
The principle is deemed well settled, that the right to costs and the rate of compensation, depend upon and are controlled by the statutes on that subject, in force at the time the right to costs, if any exists, accrued. (Supervisors of Onondaga v. Briggs, 3 Denio, 173; The Brooklyn Bank v. Willoughby, 1 Sand. S. C., 669; Rich v. Husson, 1 Duer, 618.)
What laws were in force, in respect to costs in such cases, when the verdict in this action was rendered ? The acts of 1840 and 1844 had not been absolutely repealed. They were left by the Code in full force and effect, as to all actions pending in courts of law at the time the Code went into operation.
Section eight of the Code, expressly provides, that part two of the Code relates only to such civil actions as may be commenced after the 1st of July, 1848, except when otherwise provided therein. Title ten of part two, entitled “ Of the costs in civil actions,” contains the provisions of the Code in relation to costs. There is nothing, in any part of that title, which provides, or implies, that its provisions shall affect any suit commenced before the Code took effect. It necessarily follows, that section eight in effect declares, that section 303, which repeals all statutes establishing or *627 regulating costs, applies only to actions commenced after tlie 1st of July, 1848.
It was for that reason that section 2, sub. 1, of the act to facilitate the determination of existing suits, passed April 11, 1849, provided that section 315 of the Code should apply to suits pending on the 1st of July, 1848. (Laws of 1851, p. 147 of the Appendix.) Section 315 is found in title ten of part two of the Code, and regulates the costs that may be allowed on a motion. This shows clearly enough, that the legislature not only did not intend that an absolute repeal of the pre-existing statutes in relation to costs should be effected by section 303, but, on the contrary, understood that section 8 left thenl in force, and in all respects applicable to actions at law pending on the 1st of July, 1848.
It necessarily follows that all the costs, except the costs of motions, are to be taxed by the fee bill of 1840, as amended by the act of 1844, unless section 459 of the Code, as it now is, provides a different rule as to all or a part of the costs. That section reads thus:
“ The provisions of this act apply to future proceedings in actions or suits heretofore commenced and now pending, as follows: ⅝ “ 1. If there has been no pleading therein, to the pleadings and all subsequent proceedings.
“ 2. "When there is an issue of law, or of fact, or any other question of fact to be tried, to the trial and all subsequent proceedings.
“ 3. After a judgment or order, to the proceedings to enforce, vacate, modify, or reverse it, including the costs of an appeal.”
If the effect of applying the provisions of that act to future proceedings, necessarily, or by fair construction, was to make the rate of compensation fixed by the Code, the rule or measure of compensation for all future services in pending suits, why provide expressly in sub. 3 of this section, that those rates should apply to the proceedings upon an appeal from a judgment or order?
If such a provision was deemed necessary to justify such a construction, in respect to the costs of a future appeal from an order or judgment in a pending suit, it is not to be inferred that the like interpretation was expected to be given, with respect to the costs of the future proceedings, provided for by subdivisions one and two of the same section, in the absence, apparently designed, of a *628 similar provision relating to them. (Rich v. Husson, 1 Duer, 620, 621; Fitch v. Livingston, 4 Sand. S. C., 712, 714.)
Section 459, as construed by this court, means, that the mode and form of proceeding prescribed by the Code, to be had in actions commenced under it, shall be pursued in actions commenced prior to July 1, 1848, from the time that section took effect: Which party was to have the costs of such proceedings, and the rate of compensation the Code left, as it always had to be determined by pre-existing statutes. To that construction there is no exception, except in the single instance made by the Code itself, in the concluding part of sub. 3 of the same section, viz: the costs of an appeal from an order or judgment. It is not to be denied that section 459 has been construed otherwise.
It is thought by some, that the effect of section 459 on section 803, clearly is, that subsequently, the old fee bill was repealed as to all fixture proceedings, and in force as to all past proceedings. If section 459 has any effect on section 303, or works a repeal either total or partial of section 8, so far as the latter relates to the costs of suits commenced before July 1, 1848, why is this limited effect given to its operation ?
If section 459 has the effect to apply the provisions of title ten of part two of the Code, to pre-existing suits, then why are not the provisions of that title to determine as well the right to costs, as the rate of compensation ?
• The costs of an appeal from a judgment, are in the discretion of the court in two cases only. (Code, § 306, sub. 1 and 2.) Subdivision 3, of section 459, in effect provides that the costs of an appeal, as well the right to them as the amount to be recovered, must be determined by the Code, and as they would be, if the action had been commenced after the 1st of July, 1848.
If a verdict is a “ proceeding” subsequent to the trial, within the proper meaning of that word, as used in section 459, then it is upon the amount of the verdict, that the right of a plaintiff to recover, or his liability to pay costs, is made by the provisions of the Code to depend.
A recovery of just $50, in this case, as in that of Rich v. Husson, would entitle the plaintiffs to costs. (Code, § 304, sub. 4.) By the Revised Statutes, unless the plaintiff recovered over $50, he must pay costs. (2 Rev. Stats., § 614.)
*629 In a case like that of Rich v. Husson, would it be sound to bold, tbat for all proceedings down to tbe time tbe amendment of July 10, 1851, took effect, tbe plaintiffs-must pay costs, because tbe Revised Statutes wbieb determined tbe right to costs; and tbe act of 1840 wbieb regulated tbe rate of compensation, applied to all proceedings to tbat time, and tbe amount of tbe verdict by those statutes entitled tbe defendant to those costs, but tbat for all subsequent proceedings tbe plaintiff should recover costs, because as to those, section 459, and title 10 of part 2 of tbe Code, controlled, and by tbe provisions of tbe latter, tbe plaintiff was entitled to costs, because bis verdict was for a sum, which, by those provisions, carried costs ?
It must be borne in mind, tbat tbe right to costs, in actions at law, prior to tbe Code, did not depend upon tbe acts of 1840 and 1844, but upon tbe Revised Statutes. Those acts only regulated tbe rate of compensation.
Section 803, of tbe Code repealed neither tbe one nor tbe other, as to actions commenced before tbe first of July, 1848, but as to such actions left them in full force and effect, in all respects, except as to tbe costs of motions in pending suits.
Section 459, with a view to assimilate tbe practice in suits commenced before and after it was enacted, provided by subdivisions one and two, tbat tbe forms of subsequent procedure should be tbe same in both, to tbe recovery of a judgment.
Tbe words “all subsequent proceedings,” as used in those two subdivisions of tbe section, are limited to proceedings terminating in tbe judgment, for tbe obvious reason, tbat subdivision three of tbe same section provides for all proceedings after judgment, and for tbe costs of those proceedings.
It being conceded, and uniformly decided, tbat independent of section 459, of tbe Code, both tbe right to costs, and tbe rate of compensation, in suits commenced before tbe 1st of July, 1848, were regulated exclusively by pre-existing law, it seems to me quite clear, tbat tbat section has not repealed that law as to any proceedings in such actions, nor applied to them tbe provisions of tbe Code relating to costs, except as to tbe costs of an appeal. Tbe costs down to and including tbe verdict must, therefore, be adjusted at tbe rates prescribed by tbe acts of 1840 and 1844. As to tbe costs of the proceedings to review tbe decisions made at tbe *630 trial, it is to be observed, that the defendant could pursue either of two modes.
One, that which was taken pursuant to section 265 of the Code.
The other was, to allow a judgment to be entered; and then • appeal from it. Such an appeal would bring up for review all exceptions taken to the decision of the Judge. If the latter course had been taken, there can be no question that the costs of review- ■ ing the decisions made, would be governed by the Code.
In either mode of reviewing them, the proceedings would be the same throughout, except that in one case notices of appeal must have been served. In either mode the same questions would be reviewed and upon the same papers, except that if an appeal had been taken, the papers on which the cause would be heard before the General Term, would show that a judgment had been entered on the verdict.
The proceeding to review was one .provided by the Code, was in substance an appeal from the decisions made at the trial, and was as emphatically a distinct proceeding had under the Code, and by authority of its provisions, as a formal appeal from a judgment. It falls within the spirit of the provisions contained: in subdivision 3, of section 459, though not within its strict letter, and the costs for those proceedings must, therefore, be allowed at the rates prescribed by'the Code.