## McMASTERS *a.* VERNON.

*New York Superior Court; Special Term, January,* 1855.

COSTS.—ACTIONS COMMENCED BEFORE THE CODE.

In actions, at Common Law, pending in Courts of Record when the Code took effect, and tried afterwards, the right to costs, and the rate of compensation, are governed by the statutes in force at the time the Code took effect.

Costs of proceedings, subsequent to the verdict, to review decisions made at the trial, and taken in the mode prescribed by the Code, are governed by the provisions of the Code.

This was an action of assumpsit. It was commenced and issue was joined in it before the Code. It was tried in 1852. The jury, under the direction of the court, found a verdict for the defendant. The questions of law arising in the case were directed, by the justice trying the cause, to be first heard at the general term, and the entry of judgment to be in the meantime suspended. They were so heard, and judgment was there directed to be entered in favor of the defendants.

The costs prior to and including the verdict, at the
      rates prescribed by the acts of 1840 and
      1844, are                                     $ 63 02
"    "    after verdict, at the *Code* rates, are     137 50
"    "    "    "    at the rates prescribed by the
      fee bill of 1840 and 1844, are              99 43

The questions now presented are, by what rule are the costs
prior to and including the verdict, to be adjusted, and are the·
defendants entitled to $137 50, or to $99 43, for their costs,.
subsequent to the verdict.

*H. D. Sedgwick,* for plaintiff.

*D. D. Lord,* for defendant.

BOSWORTH, J.—This was a common law action, was at issue
before the Code was enacted, and was tried after section 459
was incorporated into the Code, by the amendments made by
the act of July 10, 1851. (*Laws of* 1851, p. 876).

Are the costs for services rendered before this amendment
took effect, to be taxed under the fee bill of 1840, and those
for services subsequently rendered, under the Code, or are they
to be wholly taxed under the one law or the other, and if so,
under which of them ? I speak now only of the costs down
to, and including the verdict.

The principle is deemed well settled, that the *right* to costs,
and the *rate* of compensation, depend upon, and are controlled
by the statutes on that subject, in force at the time the right
to costs, if any exists, accrued. (Supervisors of Onondaga *v.*
Briggs, 3 *Denio,* 173. The Brooklyn Bank *v.* Willoughby, 1
*Sand. S. C.,* 669. Rich *v.* Husson, 1 *Duer,* 618).

What laws were in force, in respect to costs in such cases,
when the verdict in this action was rendered ? The acts of
1840 and 1844 had not been absolutely repealed. They were
left by the Code in full force and effect, as to all actions pend-
ing in courts of law at the time the Code went into operation.

Section eight of the Code, expressly provides, that part *two*
of the Code relates only to such civil actions as may be com-
menced after the 1st of July, 1848, except when otherwise
*provided* therein. Title ten of part *two,* entitled " of the costs.

in civil actions," contains the provisions of the Code in relation to costs. There is nothing, in any part of that title, which provides, or implies, that its provisions shall affect any suit commenced before the Code took effect. It necessarily follows, that section *eight* in effect declares, that section 303, which repeals all statutes establishing or regulating costs, applies only to actions commenced after the first of July, 1848.

It was for that reason that *section* 2, *sub.* 1, of the act to facilitate the determination of existing suits, passed April 11, 1849, provided that section 315 of the Code should apply to suits pending on the 1st of July, 1848. (*Laws* of 1851, p. 147 of the Appendix). Section 315 is found in title ten of part two of the Code, and regulates the costs that may be allowed on a *motion.* This shows clearly enough, that the legislature not only did not intend that an absolute repeal of the pre-existing statutes in relation to costs should be effected by section 303, but on the contrary understood that section 8 left them in force, and in all respects applicable to actions at law pending on the 1st of July, 1848.

It necessarily follows that all the costs, except the costs of motions, are to be taxed by the fee bill of 1840, as amended by the act of 1844, unless section 459 of the Code, as it now is, provides a different rule as to all or a part of the costs. That section reads thus:

" The *provisions* of this act apply to *future proceedings* in actions or suits heretofore commenced and now pending, as follows:

" 1. If there has been no pleading therein, to the *pleadings* and all subsequent proceedings.

" 2. When there is an issue of law, or of fact, or any other question of fact to be tried, to the *trial* and all subsequent proceedings.

" 3. After a judgment or order, to the *proceedings* to enforce, vacate, modify, or reverse it, *including the costs of an appeal.*"

If the effect of applying the provisions of that act to future proceedings, necessarily, or by fair construction, was to make the rate of compensation fixed by the Code, the rule or measure of compensation for all future services in pending suits, why provide expressly in *sub.* 3 of this section, that those rates

should apply to the proceedings upon an appeal from a judgment or order?

If such a provision was deemed necessary to justify such a construction, in respect to the costs of a future *appeal* from an order or judgment in a pending suit, it is not to be inferred that the like interpretation was expected to be given with respect to the costs of the future proceedings provided for by subdivisions one and two of the same section, in the absence, apparently designed, of a similar provision relating to them. (Rich *v.* Husson, 1 *Duer*, 620, 621; Fitch *v.* Livingston, 4 *Sand. S. C.*, 712, 714).

Section 459, as construed by this court, means, that the *mode* and *form* of proceeding prescribed by the Code, to be had in actions commenced under it, shall be pursued in actions commenced prior to July 1, 1848, from the time that section took effect: Which party was to have the *costs* of such proceedings, and the rate of compensation the Code left, as it always had, to be determined by pre-existing statutes. To that construction there is no exception, except in the single instance made by the Code itself, in the concluding part of *sub.* 3 of the same section, viz: the costs of an appeal from an order or judgment. It is not to be denied that section 459 has been construed otherwise.

It is thought by some, that the effect of section 459 on section 303, clearly is, that subsequently, the old fee bill was repealed as to all future proceedings, and in force as to all past proceedings. If section 459 has any effect on section 303, or works a repeal either total or partial of section 8, so far as the latter relates to the costs of suits commenced before July 1, 1848, why is this limited effect given to its operation?

If section 459 has the effect to apply the provisions of title ten of part *two* of the Code, to pre-existing suits, then why are not the provisions of that title to determine as well the *right* to costs, as the *rate* of compensation?

The costs of an appeal from a judgment, are in the discretion of the court in two cases only. (*Code,* § 306, *sub.* 1 and 2). Subdivision 3, of section 459, in effect provides that the costs of an appeal, as well the right to them, as the amount to be recovered, must be determined by the Code, and as they

would be, if the action had been commenced after the 1st of July, 1848.

If a *verdict* is a "proceeding" subsequent to the trial, within the proper meaning of that word, as used in section 459, then it is upon the *amount* of the verdict, that the right of a plaintiff to recover, or his liability to pay costs, is made by the provisions of the Code to depend.

A recovery of just $50, in this case, as in that of Rich *v.* Husson, would entitle the plaintiff to costs. (*Code,* § 304, *sub.* 4). By the Revised Statutes, unless the plaintiff recovered *over* $50, he must pay costs. (2 *Rev. Stats.,* § 614).

In a case like that of Rich *v.* Husson, would it be sound to hold, that for all proceedings down to the time the amendment of July 10, 1851, took effect, the plaintiff must pay costs, because the Revised Statutes which determined the *right* to costs, and the act of 1840 which regulated the rate of compensation, applied to all proceedings to that time, and the amount of the verdict by those Statutes entitled the defendant to those costs, but that for all subsequent costs the plaintiff should recover, because as to those costs, section 459, and title ten of part two of the Code, controlled, and by the provisions of the latter, the plaintiff was entitled to costs, because his verdict was for a sum, which, by those provisions, carried costs?

It must be borne in mind, that the *right* to costs, in actions at law, prior to the Code, did not depend upon the acts of 1840 and 1844, but upon the Revised Statutes. Those acts only regulated the *rate* of compensation.

Section 303, of the Code repealed neither the one nor the other, as to actions commenced before the first of July, 1848, but as to such actions left them in full force and effect, in all respects, except as to the costs of motions in pending suits.

Section 459, with a view to *assimilate* the *practice* in suits commenced before and after it was enacted, provided by subdivisions one and two, that the *forms* of subsequent procedure should be the same in both, to the recovery of a judgment.

The words "all subsequent proceedings," as used in those two subdivisions of the section, are limited to proceedings terminating in the judgment, for the obvious reason, that subdi-

vision three of the same section provides for all proceedings *after* judgment, and for the costs of those proceedings.

It being conceded, and uniformly decided, that independent of section 459, of the Code, both the right to costs, and the rate of compensation, in suits commenced before the 1st of July, 1848, were regulated exclusively by pre-existing law, it seems to me quite clear, that that section has not repealed that law as to any proceedings in such actions, nor applied to them the provisions of the Code relating to costs, except as to the costs of an appeal. The costs down to and including the verdict must, therefore, be adjusted at the rates prescribed by the acts of 1840 and 1844. As to the costs of the proceedings to review the decisions made at the trial, it is to be observed, that the defendant could pursue either of two modes.

One, that which was taken, pursuant to section 265, of the Code.

The other was, to allow a judgment to be entered; and then appeal from it. Such an appeal would bring up for review all exceptions taken to the decision of the judge. If the latter course had been taken, there can be no question that the costs of reviewing the decisions made, would be governed by the Code.

In either mode of reviewing them, the proceedings would be the same throughout, except that in one case notices of appeal must have been served. In either mode the same questions would be reviewed and upon the same papers, except that if an appeal had been taken, the papers on which the cause would be heard before the general term, would show that a judgment had been entered on the verdict.

The proceeding to review was one provided by the Code, was in substance an appeal from the decisions made at the trial, and was as emphatically a distinct proceeding had under the Code, and by authority of its provisions, as a formal appeal from a judgment. It falls within the spirit of the provisions contained in subdivision 3, of section 459, though not within its strict letter, and the costs for those proceedings, must therefore be allowed at the rates prescribed by the Code.