## SUPREME COURT.

### THERIOT and another, executors, agt. PRINCE.

The *legal representatives* of a deceased plaintiff, in an action of *tort*, are not personally, nor in their representative capacity, liable for *costs*, either under the Revised Statutes, or the Code, where judgment was given for defendant on the second trial—the suit having been commenced before the Code, and resulting in favor of the plaintiff on the first trial, during his lifetime.

*New-York Special Term, March, 1855.*

THIS action, which was in *trover*, was commenced in 1844 by the testator—was tried in his lifetime, and verdict for $900 in his favor.

After his death, and in January, 1847, the suit was revived in the names of the plaintiffs. In October, 1847, the court set aside the verdict, and ordered a new trial. In 1851, it was referred; and in March, 1852, the referee reported in favor of the defendant.

The defendant now moves for costs against the plaintiffs personally, and for an extra allowance.

P. CALLAGHAN, *for defendant.*
JOHN J. TYLER, *for plaintiffs.*

COWLES, Justice. There is nothing which would justify the court, had it the power, in this case, in requiring the defendant's costs to be paid by the plaintiffs personally.

They proceeded, and evidently in good faith, with a suit in which the testator had recovered a verdict in his lifetime. They could have hardly justified themselves had they done less.

The plaintiffs not being personally liable, can costs be allowed, payable out of the testator's estate?

The defendant claims them under the § 317 of the Code. But that section is modified by § 8, which provides that Part

II. of the Code relates to actions commenced " after the first day of July, 1848, *except when otherwise provided therein.*"

This action having been commenced before the Code took effect, the costs must be fixed, and all questions respecting them determined by the law as it existed on the 1st July, 1848, unless it is otherwise provided in the Code itself.

It is not so " otherwise provided," unless by § 459. But that section appears to have been designed to regulate the mode of conducting the action. It regulates the " proceedings," not the costs, except such as may arise on appeal.

Such was the construction given to § 459 by DUER, J., in *Rich* agt. *Husson,* (11 *Legal Observer,* 119,) and I concur entirely in his reasoning in that case. (*Voorhies' Supplement to Code, p.* 196.)

The defendant, then, cannot recover his costs under the Code. Can they be allowed under the Revised Statutes?

By 2 *R. S. p.* 15, §§ 16, 17, costs could not be allowed against personal representatives necessarily prosecuting in the right of their testator, or intestate, unless for wantonly bringing the suit, &c., &c., which is not the case here. Indeed, it was admitted on the argument, that costs were not recoverable under the Revised Statutes; and I am equally clear that they cannot be allowed under the Code.

Motion is therefore denied, but without costs.