# TRAVER *a.* KIP.

*Supreme Court, Second District ;  General Term, March,* 1857.

## COSTS.—ACTIONS COMMENCED BEFORE THE CODE.

In an equity suit commenced before the Code, and continued after it took effect, costs are to be taxed under the rules which prevailed before the Code, as to all proceedings except appeals.

Application for instructions as to costs.

This was an equity suit, commenced by Aaron Traver and others against John A. Kip and others, to recover certain legacies.   The suit was commenced in 1846, in the late Court of Chancery ; was continued in the late Supreme Court in Equity, and was brought to a hearing before a referee under

the Code. Judgment was rendered, that the claimants of the legacies recover each the sum claimed, with costs. Appeal was taken from this judgment, and it was reversed, with costs. The parties now asked instructions from the court as to the rule of taxation applicable.

*Gilbert Dean*, for the plaintiffs.

*C. J. Lowry*, for the defendant Kip.

BIRDSEYE, J.—It has never been denied that, independent of section 459 of the Code, as amended in 1851, the right to costs, and the rate at which they were to be allowed, in suits pending when the Code took effect as a law, depended upon the statutes in force prior to July 1, 1848. That section applies the provisions of the Code to suits previously instituted, by three separate directions: 1. If there have been no pleadings therein, to the pleadings and *all subsequent proceedings.* 2. When there is an issue of law or of fact, or any other question of fact to be tried, to the trial *and all subsequent proceedings.* 3. After a judgment or order, to the proceedings to enforce, vacate, modify, or reverse it, *including the costs of an appeal.*

As to this last class of cases it was thought necessary to provide in express terms that the costs of the appeal should be governed by the Code. Is not this express provision for this case an exclusion of the other two classes of cases?

But to proceed a little farther. It will not be disputed, I think, that the costs of every appeal in suits instituted before the Code, are to be those prescribed in the Code. As to this, it makes no difference at what stage the Code took effect upon the suit, whether before any pleading, or before trial, or after both; that is to say, whether the suit be described in the first, the second, or the third subdivision of section 459. So that to read subdivision 1 in full, there must be added to it a declaration, that if any appeal shall be brought in such a suit, the Code shall govern the costs of the appeal. And the same of subdivision 2. If this be the true and proper construction of these subdivisions, the principle applies much more forcibly, *expressio unius est exclusio alterius.*

The presumption arising from the express provision for the costs of an appeal in a suit commenced before the Code, is not

adverted to by the court in Curtis *v.* Leavitt (1 *Abbotts' Pr. R.*, 118), while Rich *v.* Husson (1 *Duer*, 621), and McMasters *v.* Vernon (1 *Abbotts' Pr. R.*, 182), seem to me to contain an interpretation, giving a much fuller and more complete meaning to all the terms made use of in section 459.

It may, perhaps, be true, that the conclusions arrived at in Curtis *v.* Leavitt are more convenient and simple than those of the Superior Court. There may be some confusion and difficulty in applying to the proceedings under the Code the compensation provided by the former fee bill. And if the true construction of the statute was left in serious doubt, these considerations might be decisive of the question. But where, as in this case, the statute seems to admit of but one interpretation, I do not think they can be received to change that interpretation.

The costs of defendant Kip should be taxed according to the fee bill in the Court of Chancery, except such as relate to the appeal taken from the judgment rendered at special term.

S. B. STRONG, J.—The costs of the appellant in the court below should be taxed under the Revised Statutes, and the act of 1840, and not at the rates specified in the Code. It is true that section 459 of the Code applies its provisions to all future *proceedings* in actions commenced previous to its passage. But although the allowance of costs by the court may be a future proceeding, yet the rate is not. And it would seem that the Legislature so construed its own language; as it was deemed necessary to specify the costs of appeals in such previously instituted suits as governed by the Code.

If we were bound to award the costs of the proceedings subsequent to the passage of the Code, conformably to its provisions, I can see no reason for directing an extra allowance, as that is evidently designed to apply to the entire proceedings.