## CRARY a. NORWOOD.

*Supreme Court, Sixth District; At Chambers, September,* 1857.

### COSTS.—ACT OF 1857.—DEMURRER.

Costs are taxable under the statutes in force at the time of the taxation.

Where, on a decision overruling a demurrer to an answer, leave is given to the plaintiff to withdraw his demurrer on payment of costs, the defendant is not entitled to claim costs before notice of trial, but may demand costs for subsequent proceedings before trial, together with a trial fee.

Question of costs, submitted on stipulation.

This action was brought by Walter Crary against William Norwood. The defendant having answered, the plaintiff demurred to one of the defences contained in the answer, for insufficiency. Issue upon the demurrer was joined early in 1855, and was argued in July of that year, but it was not decided until May, 1857, when the demurrer was overruled, and the answer held good. Leave was given to the plaintiff to withdraw the demurrer on payment of costs.

The defendant claimed that he was entitled to the following items of costs, viz. :

Crary a. Norwood.

| | | | | |
|---|---|---|---|---|
| For proceedings before notice of trial, - | - | - | $10 | 00 |
| For subsequent proceedings before trial, | - | - | 10 | 00 |
| For the trial of the issue of law, - | - | - | - | 15 | 00 |

$35  00

The plaintiff insisted that the costs must be adjusted under the Code as it stood when the issue upon the demurrer was argued, and that the plaintiff was only entitled to a trial fee.

*W. F. Warner*, for the plaintiff.

*N. W. Davis*, for the defendant.

BALCOM, J.—The defendant is entitled to the costs which have been occasioned by the demurrer, and no more.

It was held in the case of The Supervisors of Onondaga *v.* Briggs (3 *Den.*, 173), that where the rate of compensation for attorneys and counsellors is changed by the Legislature during the progress of a suit, the costs of such suit are to be taxed according to the statute in force at its termination. In Moore *a.* Westervelt (14 *How. Pr. R.*, 279), the Superior Court of New York city held that the plaintiff was entitled to have his costs adjusted according to the Code as it existed *at the time of the verdict*, as respected all items prior to that date. The same principle was held at the Monroe special term by Justice Smith, in June last, in Steward *a.* Lamoreaux (5 *Abbotts' Pr. R.*, 14). And within the principle settled by these adjudications, the items and amount of the defendant's costs, occasioned by the plaintiff's demurrer in this action, must be determined by the Code as it stood when the *decision* overruling the demurrer was made.

The defendant is not entitled to $10 costs for proceedings before notice of trial, because that item was not occasioned by the demurrer (3 *Sandf.*, 756), but by section 307 of the Code, as it was amended by the act of April 17, 1857, the defendant is entitled to $10, " for all subsequent proceedings before trial," and $15, " for the trial of the issue of law," making $25 in all. (Hendricks *a.* Bouck, 2 *Abbotts' Pr. R.*, 360 ; Nellis *a.* DeForest, 6 *How. Pr. R.*, 413 ; 3 *Sandf.*, 756.)

No fee for the clerk on the trial nor any disbursements have been claimed.