JOSEPH J. COOK v. THE NEW YORK FLOATING DRY DOCK COMPANY.

The right of a plaintiff to an extra allowance in a difficult or extraordinary case, is perfect at the time when a verdict is rendered in his favor, although the *amount* of such allowance may not be determined until afterwards.

In an action for the recovery of money, where the case was difficult, the plaintiff obtained a verdict in his favor at a time when the statute provided that the plaintiff should be entitled to an extra allowance.

Cook v. The New York Floating Dry Dock Co.

*Held,* that he was entitled thereto, although the order granting the allowance and fixing its amount was not made until after that provision of the statute had been repealed.

APPEAL by defendants from an order at special term granting an extra allowance. This action was tried before one of the judges of this court and a jury, in February, 1853, and a verdict rendered for the plaintiff for $6,000. A stay of proceedings was ordered and a case made, on which the defendants moved at special term for a new trial. In March, 1854, a new trial was ordered. From this decision the plaintiff appealed, and the court at general term, in October, 1857, reversed the order granting a new trial, and directed judgment to be entered on the verdict.(*a*)

The action being a difficult one and for the recovery of money, the plaintiff applied for and obtained an extra allowance, under section 308 of the Code of 1851. The order fixing the amount of this allowance was made in October, 1857, after the repeal of the section referred to, but which was in force at the time of the verdict.

From this order the defendants appealed.

*Benedict, Burr and Benedict,* for appellants.

*Tomlinson, Walden and Brigham,* for respondent.

HILTON, J.—The right of the plaintiff to costs, or to any allowance by way of indemnity for his expenses in prosecuting his action, must depend upon and be determined by the statutes in force in respect thereto at the time he became entitled to be thus remunerated.

By the Code, all previous statutes regulating costs or fees of attorneys in civil actions were abolished, and instead there was allowed to the prevailing party "certain sums by way of indemnity for his expenses in the action," and "which allowances"

(*a*) See report of the case, *ante,* p. 436.

were in that act "termed costs." Code, § 303. In an action of this nature, these "costs shall be allowed of course to the plaintiff upon a recovery." § 304, sub. 4.

In addition to the costs referred to and specified in detail in section 307, the plaintiff, in a difficult case like the present, wherein a trial has been had, was entitled to an *extra* allowance, the amount of which was left to the discretion of the court. Code of 1851, § 308.

All allowances are by the Code "termed costs," and the plaintiff's right to them accrues upon his "recovery," which, in this case, was at the time of rendering the verdict; and although the *amount* of the extra allowance was not at that time determined, yet the plaintiff's right to it then became fixed, and was given him by statute. *Supervisors of Onondaga* v. *Briggs*, 3 Denio, 173; *Truscott* v. *King*, 4 How. P. R. 173; *Holmes* v. *St. John*, 2 Code Rep. 46; *Taylor* v. *Gardner*, ibid. 47; *Ellsworth* v. *Gooding*, 8 How. P. R. 3; *Huber* v. *Lockwood*, 15 ibid. 74.

The time when a court is disposed to exercise a discretion ought not, upon any just principles, to deprive a party of a right thus fixed and acquired. *Wilson* v. *Henderson*, 15 How. Pr. R. 90; *Crary* v. *Norwood*, 5 Abbott P. R. 219.

Order appealed from affirmed.