## ACKLEY *a*. TARBOX.

*Supreme Court, Sixth District; General Term, May, 1865.*

### TAXATION OF COSTS.

The costs of an appeal to the Court of Appeals are to be taxed according to the law at the time of the decision of that court, or when the judgment of the Court of Appeals is made the judgment of the Supreme Court.

Appeal by plaintiffs from an order made at the Chenango Special Term, in February, 1865, by which a charge of $20, for "prepared case," was struck from the plaintiffs' bill of costs, which had been allowed by the clerk of Otsego County.

The action was commenced in a justice's court and by successive appeals taken to the Supreme Court, in which last-mentioned court the plaintiffs were beaten and judgment was rendered in favor of the defendants. After obtaining leave for that purpose, the plaintiffs appealed from the judgment of the Supreme Court to the Court of Appeals, in June, 1860. The case was argued in that court in June 1864, and at the next term of that court the judgment of the Supreme Court was reversed, and judgment given in favor of the plaintiff with costs; which judgment was, upon the filing of a remittitur, made the judgment of the Supreme Court.

The clerk of Otsego County adjusted the plaintiffs' costs, and

allowed the plaintiffs, as an item of costs in the Court of Appeals, a fee of $20 for a " prepared case."

This court, at the above-mentioned special term, disallowed that item, and made an order that the same be struck out, and that the unpaid portion thereof be refunded to the defendants.

The plaintiffs appealed *from* the order of the special term to the general term of this court.

*James E. Dewey,* for plaintiffs, appellants, cited the following authorities : Jackett *a.* Judd, 18 *How. Pr.*, 385 ; Torrey *a.* Hadley, 14 *Ib.*, 357 ; Fisher *a.* Hunter, 15 *Ib.*, 156 ; Jones *a.* Underwood, 18 *Ib.*, 532 ; Van Valkenburg *a.* Van Allen, 1 *Ib.*, 86 ; Thompson *a.* Crippen, 1 *Ib.*, 233 (note); Goodenow *a.* Livingston, 1 *Ib.*, 232 ; Holmes *a.* St. John, 4 *Ib.*, 66 ; 4 *Ib.*, 67 ; Huber *a.* Lockwood, 15 *Ib.*, 74 ; Hunt *a.* Middlebrook, 14 *Ib.*, 300 ; Moore *a.* Westervelt, 14 *Ib.*, 279 ; People *a.* Herkimer Com. Pleas, 4 *Wend.*, 210 ; Supervisors of Onondaga *a.* Briggs, 3 *Den.*, 173 ; Crary *a.* Norwood, 5 *Abbotts' Pr.*, 219 ; Steward *a.* Lamereux, 5 *Ib.*, 14.

*L. L. Bundy,* for the defendants, respondents, cited *Voorhies' Code*, 8th ed., 600 ; and Bennett *a.* Westfall, 15 *How. Pr.*, 431.

BY THE COURT.*—BALCOM, J.—The plaintiffs were the appellants in the Court of Appeals, and, according to the fifth rule of that court, it was their duty to make a case, consisting of a copy of the return of the clerk of the Supreme Court, and the reasons of such court for its judgment, or an affidavit that the same could not be procured ; and if the case was voluminous, it was their duty to add an index to the same.   Such a case was made and served by the plaintiffs' attorney in the Court of Appeals prior to the year 1864, when there was no law that gave the appellant in that court any separate or specific allowance or compensation for that labor.   But at that time the appellant was allowed a compensation for such services, by the provision that gave him twenty-five dollars " on appeal to the Court of Appeals, *before argument.*"   At the time the cause was decided

by that court, the code had been so amended as to allow the appellant thirty dollars for services, before argument in such court, and also twenty dollars "for preparing and serving a case" in the appeal there. (*Laws* of 1864, pp. 996, 997; *Voorhies' Code*, 8th ed., § 307.)

The authorities cited by the plaintiffs' counsel show that it is competent for the Legislature, at any time during the progress of a suit, to create an allowance for services not before provided for, and to increase or diminish or wholly abolish such allowances as existed at the time the suit was commenced; also that the recovery of costs must be controlled, as to items and the rate of compensation, by the statutes in force at the time when the right to costs is established, or judgment therefor is pronounced. The plaintiffs, therefore, were entitled to costs in this case, according to the Code as it existed at the time the Court of Appeals reversed the judgment of the Supreme Court, and adjudged that they were entitled to a judgment in their favor with costs, or at least when the judgment of the Court of Appeals was made the judgment of the Supreme Court. The Code, at such times, allowed them twenty dollars "for preparing and serving a case" in the appeal to the Court of Appeals; and as that labor was actually performed by them, or their attorney, they were entitled to twenty dollars for such services.

It follows that the order of the special term, appealed from, should be reversed, and the adjustment of the plaintiffs' costs by the clerk affirmed.

Ordered accordingly.

---

## CLAPP *a.* SCHUTT.

*Supreme Court, First District; General Term, May, 1865.*

### LIABILITY OF BAIL.

The sheriff has no cause of action against bail who have failed to justify, until he has sustained damage from his own liability as bail consequent on such failure.

Bail who have been excepted to by a party to an action, and have failed to justify, are not liable to such party on the undertaking.