KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— October, 1880.

MATTER OF MACE.

*In the matter of the last will and testament of* NANCY MACE, *deceased.*

Costs in a proceeding begun before September 1, 1880, but not settled by decree until after that date, are regulated by sections 2557, 2662 of the Code of Civil Procedure.

Section 3347, restricting the effect of chapter 18 to special proceedings begun on or after September 1, 1880, refers to only so much of said chapter as regulates the "*proceedings*" to be taken in an action or special proceeding. An application for costs is not a "*proceeding*" within the meaning of this section, and hence the restriction does not apply to such an application.

MOTION for settlement of decree in final accounting. The facts appear sufficiently in the opinion.

J. CLUTE, *for the will.*

T. C. CAMPBELL, *for contestants.*

THE SURROGATE.—This proceeding was commenced before September 1, but it was not decided until after that date, and the decree has not yet been rendered; it is now before me for settlement, and the question arises

whether costs should be awarded under the provisions of the Revised Statutes (2 *R. S.*, 223, § 10), and section 70 of chapter 460 of the *Laws of* 1837 (Western *v.* Romaine, 1 *Bradf.*, 37), or under sections 2557 to 2562 of the Code of Civil Procedure.

It is well settled that there can be no vested right in the costs *during the pendency* of a suit, and that both the right to recover them and the amount to be recovered must depend upon the legal provisions which are in force at the time of the determination of the suit. (Rich *v.* Husson, 1 *Duer*, 617, 619 ; Brooklyn Bank *v.* Willoughby, 1 *Sandf.*, 669 ; Cray *v.* Norwood, 5 *Abb. Pr.*, 219 ; Cook *v.* N. Y. Floating Dry Dock Co., 1 *Hilt.*, 556 ; Ackley *v.* Tarbox, 19 *Abb. Pr.*, 119.)

In this case the allowance of costs being discretionary with the Surrogate, either under the Revised Statutes or the Code, no right to costs will have accrued until they shall have been awarded by the Surrogate. (2 *R. S.*, 223, § 10 ; *Code of Civ. Pro.*, §§ 2558, 2561.)

On September 1, the provisions of the Revised Statutes and of the act of 1837, above referred to, were repealed by section 1 of chapter 245 of the *Laws of* 1880, and the provisions of the Code of Civil Procedure on the subject of costs in Surrogates' courts took effect. (*Code of Civ. Pro.*, § 3336.)

It is clear, therefore, that the costs in this proceeding must be awarded under those provisions of the Code, unless it is found that they do not apply to proceedings commenced before September 1.

The restriction in that respect is to the effect that so much of chapter 18 (which contains the provisions in question) as regulates the *proceedings* to be

taken in an action or special proceeding, and the effect thereof, applies only to an action or a special proceeding commenced on or after September 1, 1880, &c., &c. (§ 3347, subd. 11.)

It will be observed that it is not the *whole* of chapter 18 which does not apply, but *only* so much of it as regulates the *proceedings* to be taken in an action or special proceeding.

It is only those provisions which prescribe the acts necessary to be done, the form, manner and order of doing them, which do not apply, not those which give a right to costs or their amount.

In Rich v. Husson (1 *Duer*, 617), the court gives the following clear and forcible exposition of the word "proceeding." "The word 'proceeding,' both in its popular use and in its technical application, has a definite meaning, which we cannot alter or enlarge. It means, in all cases, the performance of an act, and is wholly distinct from any consideration of an abstract right. A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a prescribed mode of action for carrying into effect a legal right, and so far from involving any consideration or determination of the right, presupposes its existence; the proceeding follows the right. The rules by which proceedings are governed are rules of procedure; those by which rights are established and defined, rules of law. It is the law which gives a right to costs and fixes their amount. It is procedure which declares when and by whom the costs, to which a party has a previous title, shall be adjusted or taxed, and when, and by whose directions, a judgment in his favor shall be entered."

These views are approved in McMasters v. Vernon (4 *Duer*, 625), Fielden v. Lahens (9 *Bosw.*, 436), Theriot v. Prince (12 *How. Pr.*, 451), and Traver v. Kip (4 *Abb. Pr.*, 358).

There is nothing, therefore, in the provisions of section 3347 which restricts the application and effect of those of the Code relating to costs in the Surrogates' courts to proceedings commenced on or after September 1.

It follows that the costs in this proceeding must be awarded under those sections.

Ordered accordingly.