New York County.—Hon. D. G. Rollins, Surro-
gate.—June, 1882.

MATTER OF SEXTON.

*In the matter of the estate of* John Sexton, *deceased.*

The provisions of Code Civ. Pro., § 3352, and of L. 1880, ch. 245, § 3,
subd. 2, saving *rights* accrued before September 1st, 1880, from the
effect of the repeal of prior statutes, do not affect a claim to the costs
of a special proceeding commenced in a surrogate's court before, and
terminating after that date, since a claim to costs, if regarded as a right,
does not accrue until the termination of the special proceeding to which
they belong.

Those portions of Code Civ. Pro., §§ 2557–2567, which declare under what
circumstances costs may be allowed, and what shall be the limits of
the allowance, are not regulations of the *proceedings taken in a special
proceeding*, and so are not within the provisions of Code Civ. Pro., §
3347, subd. 11, and L. 1880, ch. 245, § 3, subd. 5, which substantially
declare proceedings taken in a special proceeding commenced before
September 1st, 1880, to be governed by prior statutes.

Hence the question of awarding, and the determination of the amount of
costs in a special proceeding commenced in a surrogate's court before
and terminating after September 1st, 1880, depend upon the rules es-
tablished by the Code of Civil Procedure, as distinguished from the
laws which it has replaced.

Rich v. Husson, 1 *Duer,* 617—approved; Matter of Mace, 4 *Redf.,* 325—fol-
lowed.

Application for costs and allowances in a special pro-
ceeding instituted by the administrator in November,
1879, for the sale of decedent's real property. Further
facts appear sufficiently in the opinion.

John McKeon, *for the administrator.*

Thos. H. Hurley, *a creditor, in person.*

Wm. Rothschild, *for Benjamin Epter, a creditor.*

John Vincent, *special guardian for John R. S. Kein, an infant heir.*

THE SURROGATE.—This is an application for costs and allowances. Proceedings upon a petition for leave to sell decedent's real estate were commenced in November, 1879, and have just been concluded. In the interval, the present Code of Civil Procedure has become law. Upon this state of facts, the question arises, should the costs in this proceeding be adjusted by the laws which the Code has replaced, or by the Code itself? Manifestly by the latter, unless the former, which have been in terms repealed, still survive for such purposes as the present.

When the first steps were taken for the sale of this real estate, and at all times thereafter until September 1, 1880, there were in force two statutory provisions, and two only, in relation to costs and allowances to parties and counsel in Surrogates' courts.

One of these was contained in Part 3, chap. 2, title 1, section 10 of the Revised Statutes. It was as follows: "In all cases of contest before a Surrogate's court, such court may award costs to the party in the judgment of the court entitled thereto, to be paid either by the other party personally or out of the estate which shall be the subject of such controversy." The other statutory provision, in force when this proceeding began, was section 9, chap. 359, Laws of 1870. It declared that the Surrogate of New York county might "grant allowances in lieu of costs to counsel in any proceeding before him, in the same manner as . . . . prescribed by the Code of Procedure in civil actions."

These statutes were both expressly repealed by the General Repealing Act which took effect simultaneously with Part 2 of the Code of Civil Procedure (Chap. 245, Laws 1880). By section three of that act it was, how-

ever, declared that such repeal did "not affect any right lawfully accrued or established before" that act took effect. Section 3352 of the Code also contains a provision in almost precisely the same words. As a claim for costs and allowances may, in some sense, be regarded as a "right," even though the granting or withholding them may be discretionary, the question naturally suggests itself, whether, by this saving of accrued rights, the repealed statutes still furnish the standard by which this application must be tested.

. That such is not the case appears from a great multitude of decisions. The doctrine has been long established, in this State and elsewhere, that costs do not accrue until the termination of the action to which they relate (Supervisors v. Briggs, *3 Den.*, *173*; Rich v. Husson, *1 Duer*, *617*; Smith v. Castlers, *5 Wend.*, *81*; The Brooklyn Bank v. Willoughby, *1 Sandf.*, *669*; Scudder v. Gori, *18 Abb. Pr.*, *207*; Moore v. Westervelt, *14 How.*, *281*; Ackley v. Tarbox, *19 Abb. Pr.*, *119*; Steward v. Lamoreaux, *5 Abb. Pr.*, *14*; Hunt v. Middlebrook, *14 How. Pr.*, *300*; Rader v. Road District, *36 N. J. Law*, *282*; Theriot v. Prince, *12 How. Pr.*, *451*).

There is one other provision in the General Repealing statute, and only one, which is claimed to have a bearing upon the present contention. Section 3 of that act declares, in its subdivision 5, that the repeal "does not affect any future proceeding taken pursuant to law in an action or special proceeding."

Similar words of limitation are found in the Code itself, which provides (sec. 3356) that chapter 18 (relating to Surrogates' courts, and, among other things, to costs and allowances therein, §§ 2557–2567) shall take effect

September 1, 1880, "subject to the qualifications" contained in certain "foregoing sections."

The "foregoing sections" referred to, so far as relates to the matter under discussion, are section 3352, which has already been discussed, and section 3347. Section 3347 declares that so much of chapter 18 as "regulates the proceedings to be taken in an action or a special proceeding," and the effect thereof, applies only to an action or a special proceeding commenced on or after the first day of September, 1880.

[To this rule certain exceptions are specified, but the sections referring to costs in Surrogates' courts (sec. 2557 to sec. 2567, *supra*) are not within the exceptions.]

So far, therefore, as concerns cases originated in this court before September 1, 1880, the Code provisions authorizing costs and allowances, and fixing the standard of taxation, are not applicable, if it can justly be claimed that those provisions are "regulations" of the "proceedings to be taken in a special proceeding," and of "the effect thereof."

What is the meaning of the word "proceedings," in the phrase just quoted? It seems to me that the term is substantially equivalent to the expression "modes of procedure;" and that the whole phrase "proceedings in a special proceeding" means the forms by which the various steps in a special proceeding are conducted.

As applied, for example, to the subject of taxation of costs, an application for an allowance of costs in this court is doubtless "a proceeding in a special proceeding." If the repealed statutes prescribed any forms or modes of procedure in the matter of applications for costs, these forms and modes must still prevail, so far as relates to

cases begun on or before the 31st of August, 1880. But the determination of the question whether there exists any *right* to costs, and, if any are to be accorded, the ascertainment of their *amount*—these are not in any sense matters of procedure.

And the provisions of the present Code declaring under what circumstances costs may be allowed, and what shall be the limits of such allowance, are not provisions which regulate the proceedings to be taken in a special proceeding.

I hold, therefore, that, ever since September 1, 1880, those provisions have been in full force, and applicable to all cases, no matter when this court first acquired jurisdiction in the premises. This view is in harmony with the decision of Judge Duer, in Rich v. Husson (*1 Duer, 617*).

In section 303 of our first Code of Procedure, there was a provision in the following words: "All statutes establishing or regulating the costs or fees of attorneys, etc., are repealed."

Unless these words had been somehow restricted, they would manifestly have operated to extinguish all claim to costs based upon laws in force before the Code became effective. Section 8 of that Code declared that part 2 (and section 303 was therein included) "relates to civil actions commenced in the courts of this State after the first day of July, 1848, except when otherwise provided therein." The significance of this provision was indisputable, though it was awkwardly worded. It meant that the Code provisions in question should apply, not only to actions commenced after July 1, 1848, but, within certain limitations, to actions previously commenced. Certain of those limitations were set forth by section 459,

as amended in 1851, in these words: "The provisions of this act apply to future proceedings in actions or suits heretofore commenced and now pending as follows: (1). Where there has been no pleading 'to the pleadings and all subsequent proceedings.' (2). Where there is an issue to be tried 'to the trial and all subsequent proceedings.'"

It was insisted, in the case of Rich v. Husson, *supra*, that the entry of judgment and the taxation and adjustment of costs, involving of course the questions of the right to costs and the amount thereof, were "proceedings" in the cause, and that, as the Code provisions were applicable to such "proceedings," it was only by applying those provisions that the questions thereby involved could be determined. The court held otherwise, however. Says Judge Duer: "The rules by which proceedings are governed are rules of procedure; those by which rights are established and defined are rules of law. It is the law which gives a right to costs and fixes their amount. It is procedure which declares when and by whom the costs . . . shall be adjusted or taxed."

This decision was at once accepted as a correct exposition of the law, has since been repeatedly cited, and always with approval (Connoly's N. Y. Citations, 748; Matter of Mace, *4 Redf.*, *325*).

The costs in this matter must, therefore, be adjusted according to the provisions of the present Code.

Ordered accordingly.