IN THE MATTER OF THE PROBATE OF THE WILL OF MILTON BUDLONG, DECEASED.

*Surrogate — when he cannot grant an allowance to a special guardian upon his ex parte application therefor — the provision as to costs and allowances should be inserted in the decree — Code of Civil Procedure, sec. 2558.*

The probate of the will of the above named testator was contested by one of his daughters. She died during the contest, and the proceedings were revived in the name of her minor children and her husband, a special guardian being appointed for the children. On December 27, 1883, a decree of the surrogate admitting the will to probate was entered, which did not award any costs to the special guardian. Thereafter, on December thirty-first, the surrogate, upon an *ex parte* application of the special guardian, and without any notice being given to any other person, granted an order allowing him $1,000, and directed that sum to be paid out of the estate:

*Held,* that the surrogate could not make the order upon an *ex parte* application, and without giving notice thereof to the other parties.

*Quære,* as to the power of the surrogate to award costs or allowances to the special guardian or executor, under section 2558 of the Code of Civil Procedure, where he has failed to insert any direction in regard thereto in the decree. (*Per* HARDIN, J.)

APPEAL by Isaac Budlong, special administrator, and Isaac Budlong, Schuyler Budlong and Levi S. Budlong, as executors, from two orders, one granted by the Surrogate's Court of Monroe county, December 31, 1883, allowing the special guardian for minor contestants the sum of $1,000 for compensation, fees and disbursements as such special guardian, and directing the special administrator to pay the same out of the assets of the decedent, and the other granted January 25, 1884, denying a motion to set aside the said order of December 31, 1883, "as improvidently granted and unauthorized by law, or to modify the same."

*J. A. Stull,* for the appellants.

*John S. Morgan* and *E. A. Nash,* for the special guardian, respondent.

HARDIN, J.:

Louisa J. Cole, one of the daughters of the testator, contested the probate of her father's will, and during the contest she died. and in June, 1883, the proceedings were revived in the name of

her minor children and that of her husband, and the respondent was appointed special guardian for the minor children, and the proceedings were continued and the contest closed, the result being a decree of the surrogate made and entered December 27, 1883, overruling the contest and admitting the will to probate. The decree did not award any costs to the contestants or the special guardian so appointed for the minors. Thereafter, and on the 31st day of December, 1883, upon an *ex parte* application, without notice to any of the appellants or other persons interested in the estate, the surrogate granted an order allowing $1,000 to the respondent as special guardian, and directed that sum to be paid out of the funds of the estate by the special administrator. As no right to costs or allowances was perfect until December 27, 1883, we think the provisions of the Code of Civil Procedure apply, instead of any laws in force at a prior date. (*Matter of Sexton,* 1 Demarest, 3, and cases cited; *Smith* v. *Castlers,* 5 Wend., 81; *Supervisors* v. *Briggs,* 3 Den., 173 *Moore* v. *Westervelt,* 14 How. Pr. R., 279; *Hunt* v. *Middlebrook,* Id., 300; *Matter of Mann,* 4 Redf., 325; *Forster* v. *Kane,* 1 Demarest, 67.)

When pronouncing the decree upon the proceedings arising upon the contest of the will the surrogate had a discretion as to costs to be inserted in the decree, except so far as the same are regulated by positive provisions of law. (Code of Civil Pro., § 2558; *Forster* v. *Kane,* 1 Demarest, 67; *Weed* v. *Paine,* 31 Hun, 10.) The third subdivision of the section cited provides that no costs shall be allowed to an unsuccessful contestant of a will, "payable out of the estate or otherwise," \* \* \* "unless he is a special guardian for an infant, appointed by the surrogate, or is named as an executor." \* \* \* In pronouncing the decree, it does not appear that the surrogate made any award of costs, as in his discretion he might have done. When that decree was pronounced the parties presumably were before him to receive his decision, and he did not then exercise the discretion of the surrogate in the award of costs in a decree authorized by the first subdivision of section 2558.

That whatever costs are allowable should be inserted in the decree is apparent not only from the language of section 2558, but from the language used in section 2559, which declares, viz., "costs when awarded by a decree, include all disbursements of the party to

whom they are awarded, which might be taxed in the Supreme Court. The sum allowed for costs must be fixed by the surrogate and inserted in the decree." It is not necessary to hold upon this appeal, that an omission to fix the costs and to insert them in the decree forever cuts off the right of a party to present the claim for costs to the surrogate.

It may be that in cases where they are inadvertently or by mistake omitted, the surrogate would have power to open the decree upon hearing the parties afresh. (*Story* v. *Dayton*, 22 Hun, 450.)

However that may be, we are of the opinion that after the surrogate has made and entered a decree, he has not the power, nor would it be a wise exercise of discretion by him, to grant an award of costs *ex parte*, without any notice being given to the persons representing or holding the funds of the estate. We are therefore of the opinion that the surrogate improperly allowed the order of December 31, 1883, *ex parte* and without any notice of the application for it given to the appellants. Parties interested in a fund in a court of equity, or within the jurisdiction of the surrogate, should have notice of proceedings and applications for the disbursements thereof. (*Du Bois* v. *Brown*, 1 Demarest, 333 ; Rollins, surrogate.)

We ought therefore to reverse the order of December 31, 1883, awarding to the special guardian $1,000. Without considering the merits of the order of 25th January, 1884, which denied an application to set aside or open the order of the 31st of December, 1883. We think we should reverse it at the time we do the order of the 31st of December, 1883, as that will leave the way open for any application that may be deemed advisable. As the question of practice involved in this appeal is novel, and as we are not prepared to say the application by the special guardian was not in entire good faith, supposing the practice adopted to be orderly and regular, we may properly reverse the orders, without costs to either party as against the other.

SMITH, P. J., and BARKER, J., concurred.

Orders appealed from reversed, without costs.