THE PEOPLE, on the relation of Daniel Berry, *vs.* HERKIMER C. P.

An appellant who reduces the recovery before the justice against him to the amount of $10 or more, is entitled to the costs of appeal, notwithstanding that the appeal was entered previous to the revised statutes going into effect.

MOTION for a mandamus. In March, 1829, a judgment was obtained against the relator before a justice for $50 damages and $5 costs. He appealed, and on the trial of the cause in the common pleas in *February last*, the plaintiff recovered a verdict for $32,10 damages. The appellant entered a rule for costs, which were taxed at $44,65, and a judgment was entered in his favor for the balance. The common pleas vacated the rule for costs entered by the appellant and gave costs to the appellee. A mandamus was now asked for to vacate the order of the common pleas.

*D. Burwell*, for relator.

*By the Court*, MARCY, J. The amount recovered before the justice against the appellant being reduced by the verdict in the common pleas *ten dollars* and more, the appellant is entitled to the costs of the appeal, (2 *R. S.* 263, § 218,) notwithstanding that the appeal was made previous to the Revised Statutes going into effect. Those statutes take up the proceedings in causes pending where they find them, and where the statutes under which the proceedings were commenced are repealed, the subsequent proceedings must be regulated by the Revised Statutes. Under the statute by virtue of which the appeal was entered, (*Statutes, vol.* 6,

296, c.) the costs in a case of this kind were left to be award-
ed by the court, as they in their discretion saw fit. That
statute is repealed, and there is now no law regulating the
costs in cases of this kind but what is to be found in the Re-
vised Statutes, which therefore must govern. Let an alter-
native mandamus issue.