Baker
v.
Bartlett.

BAKER, *qui tam. vs.* BARTLETT.

Where, by an existing statute at the commencement of a suit, a penalty is
imposed upon a party to a fraudulent judgment, but under such statute
costs were not recoverable by either party in a suit for such penalty ; and
during the progress of the suit the statute giving the penalty is repealed,
but it is declared that no prosecution for a penalty pending at the time of
the repeal shall be affected thereby, but that the same *shall proceed in all
respects as if the law giving the penalty had not been repealed*; neither
party is entitled to costs as against the other, although previous to the trial
of the cause, the legistature change the law as to costs, and give costs in
actions for penalties and forfeitures, in the same manner as in personal ac-
tions upon contract.

March 21.      THIS action was commenced in 1829, under the fourth
section of the act for the *prevention of frauds,* 1 *R. L.* 76,
to recover of the defendant the amount of a judgment alleg-
ed to have been fraudulently confessed. The cause was
tried in 1831, and the defendant had a verdict, who now
claims to be entitled to costs under the provisions of the re-
vised statutes.

*A. Jordan,* for defendant.

*Van Dyck & Bronk,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. In *Clark, qui tam.* v. *Dew-
ey,* 5 *Johns. R.* 251, it was decided that in a case like this,
no costs are recoverable by either party. Had the old laws re-
mained in exitsence, as the plaintiff could not recover costs, so
neither could the defendant. The rule is retained by the re-
vised statutes, that the defendant recovers costs in those ac-
tions only where the plaintiff would have recovered costs
had he prevailed. 2 *R. S.* 615, § 16. The revised statutes give
costs in actions for penalties and forfeitures in the same man-
ner as in other personal actions for the recovery of any debt
or damages, which in this section, I think, must mean ac-
tions upon contract. 2 *R. S.* 613, § 4. The revised statutes
do not give any penalty against a party to a fraudulent deed
or judgment ; though fraudulent conveyances and char-

ges upon lands, and all fraudulent conveyances of goods, chattels or things in action are declared void. 2 *R. S.* 134, 135. By the *seventh section* of the repealing act of December 10th, 1828, 2 *R. S.* 779, it is enacted that " No prosecution for any offence, or for the recovery of any penalty or forfeiture pending at the time any statutory provision shall be repealed, shall be affected by such repeal; *but the same shall proceed in all respects as if such provision had not been repealed,* except that all such proceedings, had after the time when the revised statutes take effect, shall be conducted according to the provisions of the said statutes, and shall be in all respects subject to the said provisions." It will be perceived that this section differs from the *fifth section* of the same repealing act, which merely provides that every act or right, accrued or established, or proceeding, &c. shall remain valid and effectual, as if the provision repealed had remained in force. The fifth section establishes and confirms what had been done when the repeal took effect, but gives no directions for further proceedings. Under that section, it has been held that the suit or proceeding, in its future progress, must be subject to the provisions of the revised statutes, where those statutes have regulated the subject; but where no provision is made by the revised statutes for the future progress of a suit commenced under the old laws which are repealed, then such suit is to be conducted according to the old statute. 4 *Wendell,* 210, 211. 5 *id.* 81. The *seventh section,* however, provides that a suit for a penalty pending when the statute creating it was repealed, *shall proceed as if there had been no repeal,* except that the proceedings shall be conducted according to the revised statutes, and be in all respects subject to the provisions of such statutes. This latter clause probably relates to the manner of conducting the suit, and has no bearing upon the question of costs. The plaintiff brought a suit when, by the statutes then in force, he was not liable for costs in case of failure. Before trial, the legislature altered the law, and said that in all actions brought for the recovery of any penalty or forfeiture, if the plaintiff succeeds, he shall recover costs; and if he fails, the defendant shall recover costs. This is not the case of an old statute repealed and a new one substituted; for the purposes of this

suit, the old statute remains in force, but is repealed for every other purpose except sustaining prosecutions commenced before the repeal. So far as a decision of the question of costs depends upon the statute upon which the suit is brought, the rule is not changed by the repeal. The question then arises solely upon the change in the statute regulating costs; and that question is whether that statute is prospective or retrospective. If prospective, then the question of costs is not affected by the revised statutes; if retrospective, it is. In the case of *Dash* v. *Van Kleeck*, 7 *Johns. R.* 477, the subject of prospective and retrospective laws was discussed with great learning and ability; and though a difference of opinion existed as to the decision of that case, and as to the character of the statute then under examination, yet there was none as to the general rule that no statute is to have a retrospect beyond the time of its commencement, and that all laws are properly prospective and commence *in futuro.* Laws operating retrospectively generally operate harshly, sometimes unjustly. No law should therefore be construed so to operate, if it be susceptible of any other construction, nor unless the language of the legislature is clear and explicit. That the legislature have power to enact laws in a case like this is undeniable, provided such laws are neither *ex post facto,* nor affect vested rights. The statute in question does not necessarily operate retrospectively; it has full operation without such a construction; it establishes a new rule of law as to costs in suits for penalties, and is therefore prospective. The very essence of a new law is, that it is a rule for future cases. Should this statute be held to operate retrospectively upon cases pending at the passage of the law, it would be unjust, let either party prevail. If the plaintiff prevailed, it would enhance the punishment upon the defendant by the amount of the plaintiff's costs; if the defendant prevailed, it would subject the plaintiff to costs where he was not so subject when he commenced his suit. In this case there was no contingent liability to costs when the suit was commenced. The act upon which the suit was brought, so far as respects this suit, is not repealed, but remains in force; and the only question is, whether the act giving costs in suits on penalties is prospective. It clearly is so. The defendant is not entitled to costs.