By the Court,

Savage, Ch. J.
The question is, which law regulates the costs of this case : the statute of 1824, or the revised statutes ? By the former it was enacted, “ That on all judgments rendered on appeal under the provi sions of this act, wherein the amount of debt or damages recovered shall not exceed $25, the prevailing party shall not be allowed costs to be taxed exceed ing the sum of $7, exclusive of disbursements.” By the revised statutes, costs on appeal are given to the prevailing party, in a case like this, without any limitation. 2 R. S. 263, § 218, sub. 4.
The question then is whether the act of 1824 or the revised statutes constitute the law of this case ? That question is answered by the 7th section of the repealing act, 2 R. S. 779, which is as follows: “ No prosecution for any offence, or for the recovery of any penalty or forfeiture pending at the time any statutory provision shall be repealed, shall be affected by such repeal; but the same shall proceed in all respects, as if such provision had not been repealed; except that all such proceedings had after the time when the revised statutes take effect, shall be conducted according to the provisions of the said statutes, and shall be in all respects subject to the said provisions.” In the case of Baker v. Bartlett, 9 Wendell, 494, I had occasion to consider this section of the repealing statute of December 10th, 1828, and to remark upon the difference in phraseology between it and the fifth section. Had this section stopped before the exception, there could not possibly be any doubt or difficulty as to its true exposition ; the repealed statute would in fact not be repealed, so far as respects suits pending at the time of the repeal, but all such suits would be carried on and terminated in the same manner and with the like effect, as if the statute had not been repealed. In the case already referred to, the exception in the 7th section was considered as relating merely to the *ma.nner of conducting the proceedings, the mechanical or technical conduct of the suit. This seems to be necessary to give effect to every part of the section. If we construe this exception to mean that the effect and consequences of the proceedings shall be similar to those resulting from proceedings instituted under the revised statutes, then the exception is repugnant to the body of the section, and of course void. For example, this suit was brought under the act of 1824, for a penalty of ten dollars, given by an' act passed and which went into operation in 1828; upon an appeal to the common pleas by the defendant, under the act of 1824, unless the plaintiff recover $25 and upwards, he is entitled to recover only seven dollars costs, besides disbursements; the legislature repeal the act of 1824 and enact that in future similar cases, the plaintiff shall recover full costs, declaring that, for the purposes of this suit, the act of 1824 remains in force. All this is perfectly consistent; but if an exception is added, declaring that if the plaintiff recovers in this suit, he shall not be limited to $7 and disbursements, but shall recover full costs, it is evident the body of the enactment is contradicted by the exception ; the latter is therefore void. The construction which I give this section renders the whole consistent ; the suit shall progress according to the forms and practice under the revised statutes, but with the same effect as if the act of 1824 had never been repealed. According to this view of the case, the taxing officer should have taxed in the common pleas only $7 and plaintiff’s disbursements.
The costs in this court must of course be the legal taxable costs of the court. The order that they shall abide the event of the suit in the common pleas, merely determines which party shall recover costs, but not what shall be the *171 amount of those costs. Besides, the limitation in the act of 1824 is confined to costs on appeal, not on a writ of error.
As to the items taxed in this court, which were objected to, they are not so specifically pointed put as to enable us to decide upon them. It is only proper, therefore, to say that no charges for notices of argument are proper after the cause was submitted; nor can it be proper to charge for a record if none *has been made, and the defendant in error does not desire to have it made.
Retaxation ordered of the costs in this court, and without costs of this motion.