### McCotter v. Hooker.

Where depositions were taken pursuant to the Code of 1848, and pending the suit and before the trial, the provision authorizing the taking such depositions was repealed, *Held*, that the depositions could not be used on the trial.

· *Edmonds, P. J.:* None of the other points raised on the trial are of any moment, except that arising from the rejection of the evidence offered by the defendants, in the form of depositions taken under the former law.

This suit was commenced in September, 1848, and in November and January following, the place of trial being New York, the defendant had his witnesses, residing in Troy and Buffalo, examined under an order of a judge, pursuant to the Code of 1848.

The cause was tried in January, 1850, after that Code was

McCotter v. Hooker.

repealed, and the Code of 1849 had gone into operation, omit-. ting the provisions which authorized this examination.

The examination was complete and perfect under the Code of 1848, but when the cause was tried there was no statute in existence which authorized it to be read in evidence, and therefore it was excluded by the judge who presided at the trial.

The general rule is that when a statute is repealed it is as if it had never existed, except as to those parts which are saved by the repealing statute.

Here nothing was saved by the repealing statute, and the remedy given to the party must fall with the statute. In such case nothing is saved but a right executed, vested, a right carried into judgment, or taking the form of an express executory contract. (*Butler* v. *Palmer*, 1 Hill, 336; *The People* v. *Livingston*, 6 Wend. 530; *The People* v. *Herkimer Com. Pleas*, 4 Wend. 210.)

Motion for new trial denied with costs.

[NOTE.—The principle of this case was affirmed by the Court of Appeals in 8 N. Y. R. 503.]