## SUPREME COURT.

### JAMES J. HUNT agt. WM. C. MIDDLEBROOK and others.

By the amendment (in April, 1857,) to § 308 of the Code, no discretion or power is vested in the court concerning extra costs, or rather, the authority previously existing was thereby abrogated. As amended, the section defines the particular cases in which an additional compensation to a plaintiff recovering judgment may be allowed as costs.

In such cases it is not necessary to *move the court* in order to obtain the extra per cent. allowed. That per cent. is prescribed as a method simply of determination of the amount of costs taxable in those cases. It is made definite and certain, and attaches as a fixed right to the plaintiff upon the recovery of judgment.

It is therefore the duty of the clerk, in the adjustment of costs in such cases, under § 311, to insert in the entry of judgment such per centage, as a part of the sum of costs allowed by the Code, provided the suit was *determined subsequent to the amendment,* (although commenced before.)

The determination of a suit, as it respects the question of costs, is the final decision authorizing a judgment. In the case of a trial by the court, it is the *making and filing the decision.* In the case of a referee it is the *making and delivery of the report.*

*Watertown Special Term, May,* 1857.

MOTION for an extra allowance of costs, or for direction to the clerk as to the adjustment.

The action was for the foreclosure of a mortgage, commenced in 1854, referred the same year to a referee for hearing and decision, and heard at intervals of time in the years 1854 and 1855, and the spring of 1857. The referee made his final report in favor of the plaintiff on the 9th day of May, 1857.

LEVI H. BROWN, *for plaintiff.*
CHARLES D. WRIGHT, *for defendants.*

HUBBARD, Justice. I am satisfied that the motion for an extra allowance of costs cannot be granted. Section 308 of the Code, which gave the allowance in actions of this description,

has been materially changed by the recent amendment made by the legislature, passed April 17, 1857.

By the amendment, no discretion or power was vested in the court concerning extra costs, or rather the authority previously existing was thereby abrogated. As amended, the section defines the particular cases in which an additional compensation to a plaintiff recovering judgment may be allowed as costs. Those cases are actions for the partition of real property; for the foreclosure of mortgages, or in which a warrant of attachment has been issued; construction of wills or other written instruments, and proceedings to compel the termination of claims to real property. In such cases, however, it is not necessary to move the court in order to obtain the extra per cent. allowed. That per cent. is prescribed as a method simply of determination of the amount of costs taxable in those cases. It is made definite and certain, and attaches as a fixed right to the plaintiff upon the recovery of judgment. It is, therefore, the duty of the clerk, in the adjustment of costs in such cases, under § 311, to insert in the entry of judgment such per centage as a part of the sum of costs allowed by the Code, provided the suit was determined subsequent to the amendment above referred to.

The act amending the Code took effect on the 7th day of May, 1857. The report of the referee in this case was made on the 9th of the same month.

In the case of *The Supervisors of Onondaga* agt. *Briggs*, (3 *Denio*, 173,) it was held, that when the rate of compensation for attorneys and counsellors is changed by the legislature during the progress of a suit, the costs of such suit are to be taxed according to the statute in force at its termination. (*See The People* agt. *The Herkimer C. P.*, 4 *Wend.* 210.) This is the settled law, founded upon the principle that costs are created by statute, and the right to them does not become fixed until the determination of the suit.

That determination, as it respects the question of costs, is the final decision authorizing a judgment. In the case of a trial by the court, it is the making and filing the decision. In the case of a referee, it is the making and delivery of the re-

port, which stands as the decision of the court. When the report is made, the action is terminated—the right to a judgment and costs is fixed.

In this case the action was not determined until two aays after the recent amendment of the Code above referred to took effect. Sections 307 and 308, as thus amended, were then in force, and prescribe the costs which, upon an adjustment in an action of this description, where the plaintiff recovers judgment, the clerk should insert in the entry of judgment.