## In the matter of JOHN G. LAMBERSON.

Under the provision of the Revised Statutes directing that where the real estate of a deceased person shall have been sold by order of a surrogate, the moneys arising from the sale shall be brought into the office of the surrogate, for the purpose of distribution, and shall be by him retained for that purpose; and requiring the surrogate, in the first place, to pay, out of such moneys, the charges and expenses of the sale, there can be no *lien* upon such moneys, even for the fees and disbursements upon the application for the sale.

The entire fund must be brought intact into the office of the surrogate, and the attorney can then apply to that officer, whose duty it will be, before making the general distribution, to award and pay him a reasonable fee for his services in the matter of the sale, together with his necessary outlay thereon.

For services rendered to the administratrix, apart from the matter of the sale of the real estate, there is not only no lien, but no right to priority of payment. Such priority is confined to the "charges and expenses of the sale."

And apart from the statute, in any case where moneys are realized or received under the orders of a court, competent to deal equitably with the fund, there can be no *lien* upon the same for any services rendered; but such services must be paid for, if it be sought to charge the fund, by the order of the court where the matter is pending.

APPEAL from an order made at a special term, on exceptions to referee's report as to moneys arising from a sale of real estate under the order of a surrogate.

*By the Court*, BARRETT, J. The statute provides that where the real estate of a deceased person "shall have been sold by virtue of the order of a surrogate, the moneys arising from such sale shall be brought into the office of the surrogate granting such order, for the purpose of distribution, and shall be by him retained for that purpose." (2 *R. S.* 106, § 35.) It is further provided, (*Id.* § 36,) "that the surrogate shall, in the first place, pay out of the said moneys the charges and expenses of the sale."

There can be no lien upon such moneys, even for the fees and disbursements upon the application for the sale.

The entire fund must be brought intact into the office

In the matter of Lamberson.

of the surrogate, and the attorney can then apply to that officer, whose duty it will be, before making the general distribution, to award and pay him a reasonable fee for his services in the matter of the sale, together with his necessary outlay thereon.

For the services rendered to the administratrix apart from the matter of the rale of real estate, there is not only no lien, but no right to priority of payment. Such priority is confined to the "charges and expenses of the sale."

Apart from the statute, however, we are of opinion, that in any case where moneys are realized or received under the orders of a court competent to deal equitably with the fund, there can be no lien upon the same for any services rendered, but such services must be paid for, if it be sought to charge the fund, by the order of the court where the matter is pending.

The claim to hold any part of the moneys in question is therefore without foundation, and the order appealed from must be reversed, the exceptions to the referee's report sustained, and the report set aside with $10 costs of this appeal.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 1, 1872. *Ingraham* and *Barrett*, Justices.]