IN THE MATTER OF THE APPLICATION OF PETER B. LAIRD AND ROBERT W. LAIRD, CREDITORS OF ASHBEL H. ARNOLD, DECEASED, FOR THE SALE OF REAL ESTATE IN PAYMENT OF HIS DEBTS, RESPONDENTS, _v._ RUSSELL G. ARNOLD, AS ADMINISTRATOR, BELLE K. ARNOLD AND OTHERS, APPELLANTS.

_Proceedings for the sale of the real estate of a decedent to pay his debts — what allegations the petition should contain when made by a creditor — the cost of a tombstone is to be treated as part of the funeral expenses — costs cannot be allowed by the surrogate until the proceeds of the sale have been paid to the county treasurer._

On February 16, 1880, these proceedings were instituted by the petitioners to procure an order for the sale of the real estate, owned by one Arnold at the time of his death, for the payment of the petitioners' claim, which was the price of a tombstone or monument sold by them to the administrator of Arnold, in his representative capacity, and erected in memory of the deceased.

_Held,_ that as the petition was made by a creditor, and as it stated the facts required by chapter 460 of 1837, as amended by chapter 172 of 1843, and chapter 298 of 1847, it was sufficient; that it was not necessary to set forth therein the facts required by section 3 of chapter 6 of title 4 of part 2 of the Revised Statutes, as that section only applied when the proceedings were instituted by the executor or administrator of the estate.

That the administrator having purchased the monument in his representative capacity, the debt thus created should be regarded as part of the funeral expenses and a charge upon the estate of the decedent.

_Dalrymple_ v. _Arnold_ (21 Hun, 110); _Laird_ v. _Arnold_ (25 id., 4) followed.

The order made in this case directed that out of the proceeds of sale the petitioners should be allowed their costs and expenses, which were adjusted at $209.38.

_Held,_ that the surrogate had no power to consider and determine the question as to whether costs should be awarded to the petitioners, and to fix their amount, prior to the time of the deposit of the proceeds of the sale with the county treasurer and the making of the decree of distribution.

APPEAL from an order of the Surrogate's Court for the county of Livingston, directing the sale of the real estate owned by Ashbel H. Arnold at the time of his death for the payment of his debts.

The said order also provided that out of the avails of such sale the petitioners be allowed their costs and expenses of the proceeding, which were adjusted at $209.38. The petitioners' claim amounted to $443. It was the price of a tombstone or monument sold by

them to the administrator and erected in memory of the deceased. His estate was valued at from $10,000 to $15,000. He left him surviving two children, of which the administrator, Russell G. Arnold, is one. The administrator appeared and resisted the claim upon several grounds, one being this : that he did not purchase the monument in his representative character, and that the same was not to be paid for out of the assets of the estate. At the request of the contestants two of the questions put in issue by their answers were ordered to be tried before a jury of the county of Livingston, which, by its verdict, found that the petitioners did sell to the administrator, in his representative capacity, a monument, and erected the same in memory of the deceased, and that the price agreed upon was $442, to be paid for when erected. These proceedings were commenced by the filing of the petition on the 16th day of February, 1880.

From the order as entered the administrator and the other contestants appeal.

*Daggett & Norton,* for the appellants.

*Bingham & Joslyn,* for the respondents.

BARKER, J. :

The contestants object that the surrogate failed to acquire jurisdiction of the subject-matter because the petition is defective, for the reason it does not set forth the facts required by section 3, chapter 6, title 4 of the second part of the Revised Statutes. That section is applicable only when proceedings for the sale of the real estate of the decedent are instituted by the executor or administrator of his estate. When a creditor applies for a sale of the lands for the same purpose the creditor, in framing his petition, must comply with chapter 460, Laws of 1837, as the same was amended by chapter 172, Laws of 1843, and chapter 298 of the Laws of 1847 (3 R. S. [5th ed.], 196, § 59), which requires the petitioner to set forth in his petition that the executor or administrator has rendered an account to the surrogate and accounted for all the assets which came to his hands, and that the same are insufficient to pay the debts of the deceased. The petition avers all the facts necessary to be in full compliance with the requirements of the statute, and the

surrogate acquired jurisdiction over the proceedings. (*Wood* v. *McChesney*, 40 Barb., 417.)

The administrator having purchased the monument in his representative capacity, the debt thus created should be regarded as part of the funeral expenses and it becomes a charge on the estate of the decedent. That such was the character of the indebtedness has been heretofore determined by this court, and we adhere to the conclusions then reached. (*Dalrymple* v. *Arnold*, 21 Hun, 110; *Laird* v. *Arnold*, 25 Hun, 4.)

These decisions were made upon the authority of *Patterson* v. *Patterson* (59 N. Y., 574). In that case it was stated that the funeral expenses of a deceased person will not be treated as a debt against the estate, but as a charge upon the same, of the same nature and character as the necessary expenses of administration. After the controversy in that case was brought before the courts, and before a final decision was reached, chapter 267 of the Laws of 1874 was passed, which is decisive on the question in controversy. It is there declared that "the word debts" in said title (referring to tit. 4, chap. 6 of the second part of the Revised Statutes) "shall be construed as including funeral expenses, except that the charges for funeral expenses shall be a preferred debt, and be paid out of the proceeds of such sale before the general distribution to creditors shall be made." The provisions of the Revised Statutes referred to in this act gives to creditors the right to petition the Surrogate's Court for the sale of the real estate of a deceased person, for the payment of their debts. It will be observed that no distinction is made in the statute between debts created for funeral expenses and those created by the decedent in his lifetime. We, therefore, must hold, as the learned surrogate held, and for the reason stated in his written opinion, that the petitioners were entitled to an order directing a sale of the real estate for the purpose of paying the debt due the petitioners.

The cost of the monument or tombstone seems to have been reasonable in amount, in view of the value of the estate owned by the deceased, and the extent of his indebtedness at the time of his death. The fact that the administrator, who was one of the contestants, inherited one-half of the estate, and assented to the erection of the monument over the grave of his father, at a cost which met

his approval, is a further reason why we are of the opinion that the expense of the same was not unreasonable.

So much of the decree as purports to dispose of the question of the costs of the proceedings is not reviewable on this appeal. The expenses of the proceedings are to be paid out of the avails of the sale, whether the costs be taxed under the provisions of the Revised Statute or by the similar provision contained in the Code of Civil Procedure. All the avails of the sale must be brought into court and distributed under an order thereafter to be made. The question of costs is not up upon this appeal. (*In the Matter of John G. Lamberson*, 63 Barb., 297.)

The appellants have sought to present the point, that other proceedings for the sale of the real estate of the decedent, for the payment of his debts, having been commenced by other parties, and then pending, for these reasons insist that the application of these creditors should have been denied, as they had an opportunity to prove their debt in the proceedings pending when they filed their petition. It appears by the record, that upon the return of the order for the administrator to show cause, he, by his counsel, moved that the proceedings be dismissed, for the reason, as stated in the record, "that proceedings for the sale of the real estate of said deceased, for the payment of his debts, have been commenced by other parties, and are now pending, and therefore these proceedings should be dismissed, and the petitioners prove their debt, if they have any, in these proceedings." After a careful search through the records, I am unable to find any proof that other proceedings were pending of the nature and character of those mentioned. It does not anywhere appear that the surrogate ruled that such matter would not be a defense to these proceedings, if the fact existed. The allegation to that effect in the answer of the contestants should not be taken as true, although not denied by the petitioner by replying to the answer.

So much of the order as awards costs to the petitioner, and fixes the amount thereof, should be stricken therefrom, as the surrogate had no power to consider and determine that question prior to the depositing of the proceeds of the sale with the county treasurer and the making of the decree of distribution. (*In the Matter of Lamberson*, 63 Barb., 297; Code of Civ. Pro., § 2786, 2563, 3347, sub. 11.)

*The Matter of Mace* (4 Redf., 325) is an authority for holding the question of costs is discretionary with the surrogate, and if allowed to the petitioner should be taxed under the provisions of the Code, although the petition was filed and the proceedings initiated prior to September 1, 1880. The order of modification should state specifically that the question of costs is reserved until the order of distribution.

The order as amended is affirmed, with cost of this appeal to be paid out of proceeds of sale.

SMITH, P. J., and BRADLEY, J., concurred; HAIGHT, J., not sitting.

Order modified by striking out the provision allowing and taxing costs to the petitioner as premature, and as so modified affirmed, with costs of this appeal to be paid out of the proceeds of the estate.