43 17
20ap272

43 17
29ap118

ANDREW J. FARGO AND CURTIS A. FARGO, APPELLANTS, *v.* LOUISE A. HELMER, RESPONDENT, IMPLEADED WITH WILLIAM J. GILLETT.

*Costs — regulated by the statute in force at the termination of the action — are to be awarded by the court, in its discretion, in proceedings to enforce liens filed under chapter 342 of 1885.*

In this proceeding, commenced on April 14, 1885, by the plaintiffs, to foreclose a mechanics' lien upon the respondent's premises, an answer was served, on May 9, 1885, raising issues of fact, which were tried at a Special Term in February, 1886. Findings of fact, and a decision in favor of the plaintiff, which was silent upon the question of costs, were handed down on June 12, 1886.

*Held,* that the right of the plaintiffs to recover the costs of the proceedings depended upon the statute in force at the time of its termination; that such right was, in this case, to be determined from an examination of the provisions of section 14 of chapter 342 of 1885, which took effect on May 27, 1885, and which provided that, in actions brought in a court of record, "such direction shall be made, in the discretion of the court, as to the payment of costs, as shall be just and equitable, and the judgment entered shall specify to whom and by whom the costs are to be paid."

That as no costs were awarded to the plaintiffs by the court in this case they were not entitled to any.

That the alteration in the law regulating the right to recover costs did not " affect, enlarge, invalidate or defeat any lien, or right to a lien, now existing, or any proceeding to enforce such lien now pending by virtue of any of the provisions of the acts hereby repealed," within the meaning of those terms as used in the saving clause contained in section 26 of the act of 1885, which act repealed, with other acts, those under which these proceedings were commenced.

The meaning of the word "proceeding" considered, and the definition thereof by DUER, J., in *Rich* v. *Husson* (1 Duer, 617), approved.

APPEAL from an order of the Onondaga Special Term setting aside a taxation of costs in favor of plaintiffs.

The plaintiffs were contractors and builders, who had liens as mechanics upon the respondent's premises, and commenced this proceeding April 14, 1885. The answer was served on May 9, 1885. Issues of fact were tried at the Onondaga Special Term of February, 1886 ; findings of fact, and a decision which is silent upon the question of costs being handed down on June 12, 1886. The plaintiffs taxed costs as in an ordinary action, and entered a judgment therefor, which taxation was set aside by the Special Term,

which held that as costs were not awarded to the plaintiffs by the trial court they could not tax and have costs.

*Edwin S. Butterfield,* for the appellants.

*Knapp, Nottingham & Andrews,* for the respondent.

HARDIN, P. J.:

May 27, 1885, by chapter 342, of the Laws of 1885, the legislature passed a general lien law applicable "in the several cities and counties," and repealed "certain acts and parts of acts." The "Onondaga Act" and "the City Act," referred to in our opinion in *Ryan* v. *Klock* (36 Hun, 104), were repealed by section 26 of the act of 1885, and the repealing section contains a saving clause which must be examined and construed in determining the question brought to us by the present appeal. That clause reads, viz.: "But this act shall not be so construed as to affect, enlarge, invalidate or defeat any lien or right to a lien now existing, or any proceeding to enforce such lien, now pending by virtue of any of the provisions of the acts hereby repealed, nor to revive any other or former acts or parts of acts repealed by the acts hereby repealed."

No question arises here as to "any lien or right to a lien." The The lien and right to a lien have been established fully by the decision of the Special Term given in June, 1886. By section 14, of the act of 1885, it is provided "costs and disbursements shall rest in the discretion of the court."

Appellants contend that the saving clause found in the repealing act should be so construed as to allow costs to be recovered by the plaintiffs without any award thereof, as a matter of discretion, by the trial court. While, on the other hand, the respondent contends that the rule laid down in the act of 1885 is the only one in force at the time of the decision, and that, because the court did not award costs to the plaintiffs, they are not entitled to recover them. *Supervisors* v. *Briggs* (3 Denio, 173), is an authority for holding "the right to costs is created by statute, and wholly depends upon it, and the right does not become fixed until the termination of the suit." That rule was again asserted in *Garling* v. *Ladd* (27 Hun. 112), and in *Balcom* v. *Terwilliger* (42 Hun, 170).

We are asked to hold that the saving clause in the repealing

act leaves in force the former statutes as far as they relate to costs. The words declaring that the repealing act shall " not be so construed as to affect, enlarge, invalidate or defeat" any proceeding to enforce such lien, now pending by virtue of any of the provisions of the acts, are relied upon. But we think they do not aid the appellants. The " proceeding" to enforce any such lien " now pending," referred to in the statute, is quite obviously the prescribed mode of action for carrying into effect a legal right. In *Rich* v. *Husson* (1 Duer, 617), we find an interpretation of the word proceeding which we deem apt and appropriate, and pertinent to the question before us. We quote from the opinion of DUER, J., viz. : " The word ' proceeding,' both in its popular use and in its technical application, has a definite meaning which we cannot alter or enlarge. It means, in all cases, the performance of an act, and is wholly distinct from any consideration of an abstract right. A proceeding in a civil action is an act necessary to be done in order to attain a given end. * * * The rules by which proceedings are governed are rules of procedure ; those by which rights are established and defined, rules of law. It is the law which gives a right to costs and fixes their amount. It is procedure which declares when and by whom the costs, to which a party has a previous title, shall be adjusted or taxed, and when and by whose direction a judgment in his favor shall be entered."

If the trial court had exercised its discretion and awarded costs to the plaintiffs, it would not thereby have affected, enlarged, invalidated or defeated any " proceeding" pending by virtue of any of the provisions of the acts repealed. (*People* v. *Herkimer*, C. P., 4 Wend., 211.) The object of the saving clause was to preserve " any lien or right to a lien" and any pending proceedings. The lien has been saved ; the " proceedings to enforce such lien" have been preserved. It was competent for the legislature to repeal all provisions heretofore existing as to costs, to place the costs to be given in all proceedings, then pending or thereafter brought, within the discretion of the trial court. (*Jackett* v. *Judd*, 18 How., 385.) Appellant refers to *Dean* v. *Gridley* (11 Wend., 169), to support his contention.

We think the language of the statute saving pending actions quite unlike that found in the act of 1885. That statute declared " no

prosecution pending at the time of any statutory provision shall be repealed, shall be affected by such repeal," but the same shall proceed in all respects as if such provision had not been repealed. We are of the opinion that the Special Term reached the proper conclusion and gave the saving clause in the statute the proper construction. The question is novel and the order may, therefore, be affirmed, properly, without costs to either party.

BOARDMAN and FOLLETT, concurred.

Order of the Special Term affirmed, without costs to either party.