THADDEUS MUNSON, APPELLANT, *v.* MELVIN CURTIS, RESPONDENT.

*Costs — the right to costs is to be determined by the statute in force at the time they are to be recovered — Code of Civil Procedure, sec. 3070, as amended by chap. 522 of 1885.*

In October, 1882, the plaintiff recovered a judgment in a Justice's Court for fifty-five dollars and thirty-four cents, besides costs, from which an appeal was taken by the defendant to the County Court, where, in June, 1886, a new trial was had, and a verdict for forty-four dollars and ninety-one cents was rendered in favor of the plaintiff. On July 3, 1885, section 3070 of the Code of Civil

Procedure was amended by chapter 522 of that year so as to provide that if neither party, within fifteen days after the service of a notice of appeal, served an offer to allow judgment to be rendered for a specified sum, the party recovering a judgment in the County Court should be entitled to costs.

*Held*, that the right of the respective parties to recover costs were to be determined by the section as amended, and that as the plaintiff recovered a judgment, in the County Court, and no offer had been made by either party, he was entitled to costs.

APPEAL by the plaintiff from an order of Ontario County Court, setting aside the taxation of the plaintiff's costs and directing the allowance and taxation of the defendant's costs.

*L. C. Hall*, for the appellant.

*Spencer Gooding*, for the respondent.

BRADLEY, J. :

In October, 1882, this action was commenced in Justices Court, where the plaintiff recovered fifty-five dollars and thirty-four cents, besides costs, from which an appeal was taken by the defendant to the County Court of Ontario county for a new trial, which was had there in June, 1886, and a verdict of forty-four dollars and ninety-one cents rendered for the plaintiff. Both parties presented bills of costs for adjustment and insertion in the judgment to the clerk, who allowed and taxed the plaintiff's costs. On the defendant's motion for retaxation, the County Court set aside the allowance of the plaintiff's costs and directed those of the defendant to be taxed and inserted in the judgment. From this order the plaintiff appeals, and the question arises as to the effect of the amendment of section 3070 of the Code of Civil Procedure by Laws of 1885, chapter 522, upon the right to costs in the action. As the recovery in the Justice's Court was reduced more than ten dollars by that of the County Court, the defendant would have been entitled to costs under the statute, as it was at the time the appeal was taken to the County Court. The amendment of that section was passed June 13, 1885, and took effect the third day of July following; and by it the modification was such, that if neither party, within fifteen days after the service of notice of appeal, served an offer to allow judgment, etc., the party recovering in the County Court is entitled to costs.

Before this change of the statute by such amendment, the time to make the offer provided for by it had elapsed, and compliance in that respect for protection in the matter of costs could not be had. It is, therefore, contended by the defendant's counsel, that the provisions of the amendment of section 3070 are not applicable and do not govern the right to costs in this action ; and that such right is within the saving purpose of section 3352, which provides that nothing contained in any provision of the Code should render ineffectual cr impair any proceeding in an action taken pursuant to law, or any other lawful act done, or right lawfully accrued or established before the provisions of it take effect, unless the contrary is expressly declared; and that for the purpose of avoiding such result, etc., the statutes in force on the day before such provisions take effect are deemed to remain in force notwithstanding their repeal. The propriety and purpose of the provisions of that section are apparent, and they cannot be construed to embrace the situation presented here. The considerations involved in the saving provisions of that statute, had in view the support of proceedings lawfully taken and rights lawfully accrued or established. The right of review furnished by a statute under which it is taken, is one of the rights saved by the section, but no right to costs had accrued to either party at the time this amendment of the statute was made. The allowance of costs by one party against another to an action is wholly statutory, and is dependent upon the statute existing at the time the right to costs under it accrues. (*Supervisors* v. *Briggs*, 3 Denio, 173.) There is no vested right to unrecovered costs, and there is no want of legislative power to impose or deny costs in actions, or to impair the force during their pendency of any statute on the subject of costs.

No question can arise upon the construction and import of this amendment of 1885, furnished by its terms. There is no opportunity to say that the legislative intention was, that its terms should be so qualified as not to apply to appeals then pending. While such may have been a suitable qualification, so as to obviate any prejudice from inability to render all of its provisions available in such cases, that consideration does not go to the question of legislative power, or to the legal effect of the statute, although it might, in giving it construction, if its terms permitted one, which would

protect the situation of the parties as it was at the time of the amendment, so as to conform their rights to that furnished by the then existing statute. There was no legal authority for the defendant to serve an offer before the amendment, and none was furnished by that to him to make the offer there provided for. As applied to this action the statute required the payment by the defendant of the costs of the plaintiff, if the latter recovered any sum whatever in the County Court. It may seem a hardship to be charged with the consequences of the omission to do that which he is not by the statute permitted to do; but relief from this situation is not found in the construction of the statute. Nor can we adopt the view of the court below that this section, as amended, was not applicable to this case, and, therefore, the right to costs was dependent upon sections 3228 and 3229, which entitled the defendant to costs because the plaintiffs recovery was less than fifty dollars. And in support of that are cited *Snyder* v. *Hughes* (27 Hun, 373) and *Quick* v. *Wixon* (Id., 592). So far as they are authority, it was held that when the statute regulating costs on appeals from Justice's Court to County Court cannot be applicable to a case presented, the right to costs will be governed by the general provisions of sections 3228 and 3229 That is not this case. During the time of the pendency of this action there has been, continuously, a statute providing for costs of such appeals to the County Court and for the recovery of them. And the intermediate amendment does not defeat its application to this case, and, therefore, the operation of sections 3228 and 3229, upon the rights of the parties in this action to costs, is defeated.

The governing statute entitled the plaintiff to costs. This is the view taken by the court in the Fourth Department, in *Sheehan* v. *Buller* (24 N. Y. Weekly Dig., 168), which, we think, was correctly decided.

These views require the conclusion that the order should be reversed, and the motion for retaxation denied.

HAIGHT, ANGLE and CHILDS, JJ., concurred.

Order reversed, with disbursements of the appeal only, and motion denied.