## STANDARD OIL CO. v. VALLEY RAILWAY CO.

UPON SETTLEMENT WITHOUT STIPULATION AS TO, COURT MAY DIRECT AS TO PAYMENT
Where the claim upon which suit is brought is settled, before judgment, by the parties, nothing being said about costs, the court may award the same, under sec. 5351, Rev. Stat., against both or either of the parties as is right and equitable.

Error to the Court of Common Pleas of Cuyahoga county.

BALDWIN, J. (orally.)

This is a petition in error to reverse a judgment for costs of suit in the court of common pleas, in an action brought by the Valley Railway Co. against the Standard Oil Co. to recover about thirteen thousand dollars. Shortly after filing the petition, the claim was settled for the sum of $11,120. Nothing was said between the parties in regard to the costs of suit, and not unnaturally, after the account was paid up, they differed in regard to what should be done with the costs. The result was that the Standard Oil Company filed a supplemental answer setting up the settlement that had been made, and the parties went to trial before the court, waiving a jury, and the court rendered a judgment against the Standard Oil Co. for all the costs. A bill of exceptions was taken by the Standard Oil Co., and a petition in error filed in this court to reverse that judgment.

Counsel have argued the matter with some earnestness, not so much on account of the amount involved, as that the case involved an important question of practice, the decision of which might form a precedent that will be influential in numerous cases.

The supplemental answer is in these words:

"Now comes the said defendant, the Standard Oil Co., by leave of the court first had and obtained, and by way of supplemental answer herein say, that since the commencement of this action and the filing herein of the former answer of this defendant, to-wit, on or about the 7th day of November, 1891, a settlement and adjustment was had between the plaintiff and the defendant herein, with respect to the matters in controversy, and put in issue by the pleadings in this action, and a certain sum, to-wit, $11,120, was agreed upon by them by way of compromise, and in full settlement of the matters so in controversy; that thereupon on or about said date, this defendant paid to and the plaintiff accepted and received said sum in full settlement, satisfaction and discharge of the said costs of the action in its petition set forth, and executed and delivered to this defendant its receipt in full thereof."

There might possibly have been some doubt from this supplemental answer whether nothing but the account was settled; but whether in the construction to be given to it, assistance is needed or not, it is afforded by the bill of exceptions, because the bill of exceptions says:

"Both parties waived a jury, and this cause came on for hearing before the court upon the petition of the plaintiff and the supplemental answer of the defendant filed herein, it being conceded that the averments of the supplemental answer were true, that the costs of this action have not been paid by either party hereto, and that at the time of the settlement set up in said supplemental answer, nothing was said by either party with respect to the costs of the action, whereupon the court found that the said defendant was liable to pay the costs of this action."

It appears, on the whole, very plainly that the costs were not settled nor agreed to be settled between the parties.

It is claimed on the one side that inasmuch as the plaintiff was paid by the defendant almost the full amount of his claim, that he was entitled of right to a judgment against the defendant for the costs.

On the other side it is said that the plaintiff's claim having been paid in full, he no longer had any standing in court, and that each party should pay its own costs, and there should be no judgment rendered. It is said by the party who says that the settlement of the claim of the plaintiff included the costs, that as the costs accrued in the case, they became a part of the plaintiff's claim. It does not seem to us that the costs, as they accrue in the case, are a part of the matters in controversy between the parties in the pleadings, or that they become a part of the plaintiff's claim, but that they may properly be a separate matter, to be separately considered, and that it is a matter of contract between the parties, in which they may agree to pay in full the debt of the plaintiff, or they may agree that the sum paid shall be paid in full of the debt and of the costs.

If the plaintiff should bring a suit upon a note, and the defendant should pay the plaintiff the amount of the principal and interest of the note, the plaintiff would have a full right to receive it and the defendant to pay it, and the question of costs would still be undetermined and unsettled. So in the same way, if the agreement between the parties is that the plaintiff will receive a less sum than the full amount charged in the petition, in full of the claim which he has made in the petition, he may properly do so without the contract being construed to be in full both of the claim made in his petition and in full of the costs. It does not seem to us that the costs as they accrue do become a part of the plaintiff's claim. That question has not been considered in this state. But in the state of New York, where costs are a matter of a much more pecuniary consequence than they are in this state, and there are a great many cases concerning the law of costs, the doctrine has been long established that the costs do not accrue until the termination of the action to which they relate. That doctrine is supported by 3 Denio, 173; 5 Wend., 81; 1 Sanford 669; 18 Abbott Prac., 207; 19 Abbott Prac., 119; 5 Abbott Prac., 14; 2 Civil Procedure Rep., 94; 1 Demarest, 5.

But it is said that this matter is settled by our statute, although as to the manner in which it is thus settled the counsel by no means agree.

Section 5348 provides when the defendant shall pay costs:

"When it is not otherwise provided by statute, costs shall be allowed, of course, to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

It is said that here the action was one for the recovery of money only, and, although there was not a judgment in favor of the plaintiff, still his claim was paid to him, and he would have obtained a judgment if he had not received his money out of court. But the language which is used in this section is, "upon a judgment in his favor."

Similar language is used in the code of the state of New York, and in that state it is held that the amount of the judgment determines the right to costs. 16 Hun., 404; 55 N. Y. Sup. Ct., 209; 13 Civil Pro. Rep., 395. The last was a case where the code provided that if the plaintiff recovered a judgment above fifty dollars he should have a judgment for costs. The facts were that the defendant from time to time had made payments to the plaintiff, his claim being largely in excess of fifty dollars, and the judgment recovered for the balance unpaid was less than fifty dollars, and the court said that the plaintiff was not entitled to a judgment for costs.

Section 5350 provides when the plaintiff shall pay the costs: "Costs shall be allowed of course, to any defendant, upon a judgment in his favor in the actions mentioned in the two preceding sections."

Section 5350, when the plaintiff is to pay the costs, simply provides for those actions where the defendant recovers a judgment.

But this is a case where neither party has a judgment, and we do not think that this case comes under either one of those sections, but comes under section 5351—when the costs are awarded in the discretion of the court: "In other actions the court may award and tax costs, and apportion them between the parties, on the same or adverse sides, as it may adjudge to be right and equitable." That section, of course, follows immediately after 5348, 5349 and 5350, and is intended, as we think, to include all actions where rules were not specifically made in these preceding sections. If the case does not come under those sections, then it is a case, where there is no provision in the statute for costs; and it is very plain, we think, that the legislature intended to provide for all cases, and that they did not intend that, when the plaintiff's claim has been paid, the costs should be left in such condition that there was no power or right in the court to adjudge those costs against either of the parties.

In this case it appeared that The Standard Oil Co. had paid the Valley Railway Co. $11,120 in full settlement of the claim, and it would seem most equitable and just that that company should also pay the costs of this action.

If it had appeared that the claim of the plaintiff was not a just claim, it would be a very proper thing, in the discretion of the court, to render a judgment for costs the other way, or in a proper case to divide them. Under the rules laid down by our supreme court for the reversal of a judgment of the court below for an error in the exercise of discretion, it would take a very strong case, where the costs were adjudged against either party, or where they were divided, to justify a reversal.

We do not think in this case that the court erred in its discretion, and the judgment of the court below is affirmed.

Henderson, Kline & Tolles, for plaintiff in error.

Estep, Dickey, Carr & Goff, for defendant in error.