## STEWARD a. LAMOREAUX.

*Supreme Court; Monroe Special Term, June, 1857.*

### COSTS.—HOW TO BE TAXED.

Costs are taxable under the statutes in force at the time of the taxation.

Motion for a re-taxation of costs.

This action was commenced by the service of the summons and complaint on the defendants (of whom there were three), on March 14, 1857. There was no answer, or appearance, by either of the defendants. The time to answer the complaint expired, as to all the defendants, on April 3, 1857. The costs were taxed and judgment entered in Wayne county clerk's office on May 14, 1857. The clerk taxed ten dollars for all proceedings before notice of trial, and four dollars for two additional defendants, under section 307 of the Code, as amended by the act of April 17, 1857 (2 *Laws of* 1857, 551, *ch.* 723, § 13).

The defendants now moved for a re-taxation.

*L. M. Norton*, for the motion, contended that as the default of defendants occurred, and the plaintiff became entitled to enter judgment and tax costs under the Code, before the amendments of April 17, 1857, took effect, the plaintiff could only recover costs according to the rates established previous to those amendments; that a delay on the part of plaintiff in entering judgment, could not operate to increase the costs; and that, therefore, the ten dollars allowed for proceedings before notice of trial,

should be reduced to seven dollars, the sum allowed by the Code previous to the amendment, and the four dollars allowed for the two additional defendants should be stricken out;—citing Baker *v.* Bartlett (9 *Wend.*, 494).

*S. K. Williams*, opposed.—I. Until the Statute of Gloucester (6 *Edw.* 1, *ch.* 1), neither party was entitled to costs. The provisions of that statute giving costs to the plaintiff in all cases where he recovered damages, together with those of several subsequent statutes, were substantially re-enacted in this State at an early period (1 *Laws of* 1813, 343), and have been adopted, with some modifications, by the Revised Statutes.

II. Costs were, therefore, not recoverable at common law. It is only by reason of some positive statute, in force at the time of the taxation of costs, or at the time when the right to them accrues by the rendition of the judgment, that any costs can be recovered. The clerk has no right, or authority, to tax under a statute which has passed away, but must tax according to the rule and rate laid down by some statute in force at the time of the taxation. If the clerk could not tax under the amendments of April 17, 1857, no costs could have been taxed in this case, for there was no other law in force, at the time of the taxation, or at the time of the rendition of the judgment, giving costs, except those amendments. (Holmes *a.* St. John, 2 *C. R.*, 46; Van Valkenburgh *a.* Allen, 1 *How. Pr. R.*, 86; Goodenow *a.* Livingston, *Ib.*, 232; Thompson *a.* Crippen, *Ib.*, 233, 234, *n.*; Launem *a.* Aikin, 4 *Hill*, 591; Truscott *a.* King, 4 *How. Pr. R.*, 173; Doty *a.* Brown, *Ib.*, 429; Curtiss *a.* Leavitt, 1 *Abbotts' Pr. R.*, 118; Supervisors of Onondaga *a.* Briggs, 3 *Denio*, 173.)

III. It will thus be seen that it requires an express exception in the statute, in order to prevent a subsequent statute, in regard to costs, from operating in existing suits as to subsequent taxations.

IV. The Code was not applicable (by express provision) to suits commenced before the Code, as to costs (1 *Duer*, 617).

E. Darwin Smith, J.—The right to costs, as to the recovery of the same, and as to their rate and amount, and as to the items to be allowed, are to be controlled by the statutes in force at the time of the taxation, that being the time at which the right to

costs accrues. The costs in this case were, therefore, rightfully taxed at ten dollars for all proceedings before notice of trial, and four dollars for the two additional defendants.

The motion must be denied.

---

## KENDALL *a.* TREADWELL.

*Supreme Court; Brooklyn Special Term, June,* 1857.

### MORTGAGE.—STRICT FORECLOSURE.

The proper mode of proceeding in an action brought for the strict foreclosure of a mortgage, of which foreclosure has already been had, and sale made, by decree of a court not possessed of jurisdiction over foreclosure suits,—defined.

Motion for judgment of strict foreclosure.

This action was brought by Isaac C. Kendall against Thomas H. Treadwell and wife, and thirty-eight others.

The complaint set forth a bond and mortgage given to the plaintiff, by the defendants, Treadwell and wife, dated December 8, 1853, and duly recorded in the register's office of Kings county, covering premises on First Place, in the city of Brooklyn. It then averred that, after a breach in the condition of payment, proceedings to foreclose the mortgage were taken in the County Court of Kings county, by Kendall, as plaintiff, against Treadwell and wife, as defendants, together with such other persons as then had liens on the premises, subsequent to the mortgage of the plaintiff; that such proceedings appeared to have been commenced in due form of law, and to have been regularly conducted; and that on July 21, 1854, a judgment for the foreclosure of the mortgage and sale of the mortgaged premises, in the usual form, was rendered by the County Court; that under such judgment the premises were sold at auction, and purchased by the plaintiff; that the plaintiff completed his purchase, and received the sheriff's deed upon the sale, which was recorded with the register of Kings county in September, 1854; that the plaintiff is still the owner and holder of the bond and