The amounts to be taxed as costs in a proceeding pending in the Surrogate's Court on September 1, 1904, when the new Practice Act went into effect, are controlled by such act, and not by the statute in existence when the proceeding was commenced, notwithstanding the provision of Code Civ. Proc. (new) § 2771, that any pending action or proceeding "shall proceed under the practice established, the same as though not affected by this act"; the word "practice," as used in such section, applying, in regard to cost, only to the formal requisites of the taxation of costs, and not to the question of the amounts to be allowed.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 2, 3, 109; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, First and Second Series, Practice.]

In the matter of the estate of Daniel Cunningham, deceased. Decreed that bill of costs presented by executors be taxed under statute now in force.

See, also, 163 App. Div. 952, 148 N. Y. Supp. 1111.

Thomas F. Gilroy, Jr., of New York City, for executors.
Thomas A. Byrne, of New York City, for Catherine Cunningham.
Katz & Sommerich, of New York City, for Rose Klein.
John Thomas Smith, of New York City, for Peter Cunningham.
Noble, Estabrook & McHarg, of New York City, for Catherine Luttrell.

COHALAN, S. This matter was pending on September 1, 1914, when the new Practice Act went into effect. A decision has been made confirming the report of the referee. Upon the settlement of the decree the question arises as to whether the costs to be taxed should be governed by the statute in effect when the proceeding was instituted

or by the statute that became effective September 1, 1914. New section 2771, Code Civil Procedure, provides:

"Nothing in this chapter shall repeal, amend or modify any existing law specially applying to any county, which is inconsistent with any section of this chapter, nor in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect, and such pending action or special proceeding shall proceed under the practice established, the same as though not affected by this act."

It is well settled that the taxation of costs is controlled by the statute in existence at the time of taxation, and that the later statute prevails over the one that was in existence at the time when the action or proceeding was commenced. Supervisors of Onondaga County v. Briggs, 3 Denio, 173; Defendorf v. Defendorf, 42 App. Div. 166, 59 N. Y. Supp. 163; Garling v. Ladd, 27 Hun, 112; Munson v. Curtis, 43 Hun, 214; Holmes v. St. John, 4 How Prac. 66; Steward v. Lamoreaux, 5 Abb. Prac. 14; 1 Heaton, Surr. Courts (3d Ed.) 600. I do not find anything in section 2771, above quoted, that changes this rule in regard to costs and allowances under the new act. Section 2771 provides:

"Nothing in this chapter shall  *  *  *  in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect, and such pending action or special proceeding shall proceed under the practice established, the same as though not affected by this act."

As was stated in Steward v. Lamoreaux, 5 Abb. Prac. 14:

"The right to costs is created by statute and wholly depends upon it, and the right does not become fixed *until the termination of the suit.*"

Costs are not any part of a "litigation, action or special proceeding." They are merely an incident to the decree or judgment entered at "the termination of the suit." It seems that the clause in section 2771, "and such pending action or special proceeding shall proceed under the *practice* established, the same as though not affected by this act," defines, explains, and limits the clause "nor in any manner affect any litigation, action or special proceeding pending at the time when this act takes effect." In my opinion, the word "practice," as used in section 2771, applies, in regard to costs, only to the formal requisites of the taxation of costs, such as the time and manner of notice, the form of the affidavit required, etc., and does not refer to the substantial question of the amounts to be allowed as costs. The bill of costs presented by the executors in this matter will be taxed under the statute now in force.

Decreed accordingly.