(Surrogate's Court, New York County. October 29, 1914.)

GUARDIAN AND WARD (§ 150*)—COMPENSATION—SPECIAL GUARDIANS—ALLOWANCES.

Under Code Civ. Proc. § 2748, providing, relative to costs and allowances in Surrogate's Court, that a special guardian for infants shall receive a reasonable compensation for his services, to be fixed by the surrogate, payable from the estate or fund, or from the interest of the infant therein, or from both in such proportions as the surrogate may direct, where, although the estate was large, a special guardian's duties were not onerous, and there was nothing coming presently to the infants, and nothing might ever come to them, and any allowance to the special guardian would therefore be taken out of the estate of others than the infants, $25 was all that would be allowed the guardian, as this was all that could have been allowed before the enactment of that section, and it is not apparent that there was any legislative intention radically to change the former practice.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 498–500, 502, 504–507; Dec. Dig. § 150.*]

In the matter of the estate of George J. Seabury. On application by special guardian for an allowance. Guardian allowed $25.

Charles D. Ridgway, of New York City, for executors.
Philip Carpenter, of New York City, for Mrs. E. S. Merry.
Mortimer W. Byers, of New York City, special guardian.

FOWLER, S. This is an application by a special guardian for an allowance under section 2748, Code of Civil Procedure, providing that:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"A special guardian for an infant * * * shall receive a reasonable compensation for his services, to be fixed by the surrogate, payable from the estate or fund, or from the interest of the ward therein, or from both in such proportion as the surrogate may direct."

This section is new, and to my mind it must be so construed as to make it consistent with justice and proper precedent in this court. The Legislature cannot be presumed to have intended otherwise. Here nothing is coming presently to the infants, and nothing ever may come to them. Yet I am here asked to allow the guardian compensation out of other people's property. This I am very reluctant to do.

In this case the guardian asks that his whole compensation be taken out of the estate of others than the infants whom he represents. Before the enactment of this section, all that the surrogate could have allowed to the guardian in this proceeding would have been $25. I am unwilling, until advised to the contrary by my superiors, to believe that there was any legislative intention radically to change the former practice, so as to work what I believe would be a hardship on the public who are forced to come into this court. In any event, the special guardian's duties here were not in this matter onerous, although the estate was large. Twenty-five dollars is enough.

I will allow $25 to the guardian for his services in this matter, and no more.