"1 do, therefore, make this my last will and testament, giving and bequeathing to my wife Caroline all my property, real or personal, of whatever name and nature it may be in, that I am now possessed of, or is owned by me, or that I may have or be possessed of at the time of my death, or that I may inherit, or fall to me by relationship, or by gift, before or after my death, and do appoint my wife, Caroline Maria, my true and lawful attorney and sole executrix of this my will, to take charge of my property after my death, and retain or dispose of the same for the benefit of herself and children above named."

The construction reached by the court is that the wife takes the whole estate contemplated in the first paragraph of the will, not in trust, but in fee or ownership as the nature of the property may require; that her interest is conditional upon her remarriage and will remain absolute in the absence of that event; that upon such remarriage the interest of the wife is to be reduced to her dower in the lands and her one-third of the personalty "as duly prescribed by law"; and that there is given to the children a contingent remainder in the estate, less, however the dower and one-third of the personal property in the fund at their mother's remarriage.

Construction also may be required of the last paragraph, which, despite the earlier gift of "all my property," expressly devises real estate in England to the surviving heirs of the testator. It cannot be doubted that the English lands were not included in the earlier gift of real property, and that they pass to the children of the testator who survived him.

Decreed accordingly.

---

(88 Misc. Rep. 456)

### In re UNION TRUST CO. OF NEW YORK.

(Surrogate's Court, Kings County. December, 1914.)

INFANTS (§ 83*)—SPECIAL ALLOWANCE TO GUARDIAN.

　　Where a proceeding for the judicial settlement of the accounts of a trustee was pending before September 1, 1914, when recent revision took effect, special guardian appointed therein was entitled to the allowance prescribed by Code Civ. Proc. § 2748, relative to the compensation of special guardians.

　　[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 232–235; Dec. Dig. § 83.*]

Judicial settlement of the account of the proceedings of Union Trust Company of New York, as trustee of trust created by the will of Charles F. Hoffman, deceased. Decreed according to opinion.

See, also, 86 Misc. Rep. 392, 149 N. Y. Supp. 324.

Miller, King, Lane & Trafford, of New York City, for Union Trust Co. of New York.

Charles W. Dayton, of New York City, for Rosalie Avery and Josephine L. Burdette.

J. Brownson Ker, of New York City, special guardian, for Grace H. Swink.

KETCHAM, S. The special guardian is allowed $600 to be paid from the fund which is the subject of this account. Its allowance is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made under section 2748 of the Code of Civil Procedure, which is as follows:

"A special guardian for an infant or incompetent shall receive a reasonable compensation for his services to be fixed by the surrogate, payable from the estate or fund, or from the interest of the ward therein, or from both in such proportion as the surrogate may direct."

The present proceeding was pending before September 1, 1914, when the recent revision of the practice took effect. In the Surrogate's Court of New York county it is held that costs and allowances in proceedings commenced before September 1, 1914, are to be adjusted in accordance with the provisions of the new law. Matter of Cunningham, 87 Misc. Rep. 172, 150 N. Y. Supp. 431; Matter of Greer, N. Y. L. J., Oct. 21, 1914.

Neither in that court nor in the court of any surrogate of the state has there been any intimation against the correctness of the view contained in the cases cited, supra. Doubt has been expressed by that court as to whether the direction contained in the section quoted supra should be obeyed. Matter of Seabury, 87 Misc. Rep. 241, 150 N. Y. Supp. 420; Matter of Stevenson, 150 N. Y. Supp. 423, Nov. 7, 1914; Matter of O'Day, 88 Misc. Rep. 408, 150 N. Y. Supp. 425.

There is a general duty to follow the decision of another court of equal jurisdiction, if such decision has been distinctly made, while no duty is imposed to adopt from any such court a decision, however definite, which proceeds from a doubt.

Decreed accordingly.